## UNION GUARDIAN TRUST CO. v. JASTROMB et al.

### TESTORI et al. v. SAME.

### Nos. 5785, 5786, 5807.

Circuit Court of Appeals, Sixth Circuit.
March 6, 1931.

Bulkley, Ledyard, Mills & Dickinson, of Detroit, Mich., for appellant.

Paul R. Dailey, of Detroit, Mich., for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM.

In each of these cases there is a motion to dismiss the appeal. The cases arise in this way:

The receiver in bankruptcy of the Prudential Discount Company came into the possession of two automobiles, a Cadillac which was claimed by Jastromb, and a Marmon which was claimed by Testori. The Union Trust Company claimed both machines, as assignee of the notes and title contracts of Jastromb and Testori. All three filed petitions for reclamation. These came on to be heard before the District Judge. On March 7, 1930, he filed an opinion which decided the merits in favor of Jastromb and Testori, and concluded: "In view of these conclusions the reclamation petition of the Union Trust Co. will be denied. The reclamation petitions of * * * Jastromb and Testori will be granted, and orders may be entered in accordance with this memorandum." On the same day the clerk entered on the journal the order "that the said petition of the Union Trust Co. be and the same is hereby denied, and the said petitions of * * * Jastromb and Testori be and the same are hereby granted, for the reasons set forth in the written opinion this day filed herein." Counsel for the Union Trust Company, not knowing that the order had been entered by the clerk, drafted a more detailed order containing certain recitals, and submitted it to the judge for signature. After some controversy and revision, the judge, on March 18, signed an order which, after some recitals, was in substantially the same language as the order of March 7. On April 15, the Union Trust Company perfected an

690

appeal from the order of March 18, relating to the Jastromb automobile, which appeal has become No. 5785 in this court; and on the same day perfected the Testori appeal, which has become No. 5786 in this court.

In May counsel for appellant in these appeals, learning of the order of March 7, and of the claim that it was the final order from which alone an appeal could be taken, and that the time for appeal therefrom had expired before April 15, filed with the District Court his motion to vacate the order of March 7. This motion was denied, and, from this denial, the Union Trust Company has perfected the appeal which is now No. 5807 in this court. Appellees move to dismiss appeal No. 5807 because the District Court had no power to consider the motion there involved, after appeals 5785 and 5786 had been perfected; and move to dismiss these two appeals because not taken within the thirty-day limitation.

 The order of March ·7 entered on the journal was a valid order from which appeal could have been taken. It did not need the judge's signature. Ellicott Mach. Corp. v. Vogt Bros. Mfg. Co. (C. C. A. 6) 267 F. 945. It is not necessary to decide whether its taking effect was postponed by any failure to give the formal notice contemplated by Equity Rule 4 (28 USCA § 723). On March 18, this order was within the control of the court, which had full power to vacate or modify it. The order of March 18 did not expressly vacate the order of March 7, but we think it should be considered as having that effect. It covered exactly the same subject-matter, and there could have been no object in entering it, unless it was intended to supersede the earlier order. We have so treated such a situation upon other similar motions not reported, and, under the facts here appearing, we think this is the right conclusion.

It is not to be supposed that the trial court would set aside a decree or grant a new trial for the mere purpose of extending the time for appeal then about to expire; but it might be within the discretionary power of that court to do so—if within the term—and there is in this case no suggestion that such discretion was abused. The motions to dismiss in 5785 and 5786 are denied.

By the appeals perfected April 15, the District Court lost jurisdiction over the subject-matter, and it had no power to entertain the motion to vacate filed in May. Levinson v. U. S. (C. C. A. 6) 32 F.(2d) 449. Under these circumstances, this court might remand with instructions to enter a new order, showing expressly that the motion was denied for lack of jurisdiction, or might either affirm or dismiss because no debatable question is involved, and the appeal is therefore, in law, frivolous. Accordingly, appeal No. 5807 is dismissed.