LUTHERAN MUTUAL AID SOCIETY, Appellee, v. RAY MURPHY, Commissioner of Insurance, et al., Appellants.

No. 44016.

SEPTEMBER 21, 1937.

Hagemann, Hagemann & Hagemann and Carr, Cox, Evans & Riley, for appellee.

John H. Mitchell, Attorney General, Don W. Burington, Asst. Attorney General, and Lehan T. Ryan, for appellants.

STIGER, J.—The plaintiff was organized in 1896 as an assessment insurance company and in 1916, the charter being about to expire, it incorporated under the provisions of chapter 402 of the Code which provides for the organization and regulation of fraternal beneficiary associations. Code section 8777 defines a fraternal beneficiary association as follows:

"8777. Definition. A fraternal beneficiary association is hereby declared to be a corporation, society, or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, and having a lodge system, with ritualistic form of work and representative form of government."

Code section 8779 contains the following provisions:

"8779. Exclusive religious orders. Beneficiary societies or associations, whose membership is confined to the members of any one religious denomination, shall only be required to have a branch system and a representative form of government. Such beneficiary societies or associations shall be governed by the provisions of this chapter, and shall be exempt from the provisions of the statutes of this state, relating to life insurance companies, to the same extent as fraternal beneficiary associations."

Article 3 of plaintiff's Articles of Incorporation provides that "this corporation is organized, and its business shall be carried on for the sole benefit of its members and their beneficiaries, and not for profit, and it shall have a local branch system and representative form of government, and its membership is and shall be confined exclusively to members of one religious denomination, to-wit: The Evangelical Lutheran Church. The cor-

poration may create, hold, and manage funds for the fulfillment of its certificates, and for such other purposes as are authorized by the Society, not in violation of any statute.''

Article 8 provides ''assets representing the reserves shall at all times be held for the fulfillment of promises or benefits under the certificates issued by the society.''

Article 9 reads as follows: ''Whenever five (5) or more members live in the same locality, they shall be organized into a local branch. Each local branch shall not less than ten (10) days prior to any regular or special meeting of the Society, elect one (1) delegate and alternate to such meeting. Each delegate shall have one vote in the meeting of the corporation, and must be a member in good standing of a Lutheran church, accepting as its Creed the Unaltered Augsburg Confession.''

Article 10 requires that ''regular triennial meetings of the corporation shall be held, in which said meeting each officer, director, and delegate shall have one vote.''

The by-laws authorize the local branches to investigate the eligibility of applicants and to admit them to membership by a majority vote of the members present and voting in the meeting.

The evidence shows (1) that the membership in the society was confined to members of the Lutheran Church; (2) that it had a branch system comprising 1100 branches; (3) that it had a representative form of government; (4) that it was organized and carried on for the sole benefit of its members; and (5) that it was not organized for profit. The plaintiff was a fraternal benefit association as defined by Code sections 8777 and 8779.

After incorporating under chapter 402 in 1916, the plaintiff paid the annual fee for a permit to transact business required by section 8808 and received annually until 1935 a permit from the commissioner of insurance to transact the business of a fraternal beneficiary association. Since 1922 the plaintiff has been collecting from its members for insurance upon a level premium legal reserve basis. Code section 8779 does not require the plaintiff to have a lodge system nor is it required to maintain charitable and benevolent activities or institutions.

Code section 7025 provides for the taxation of domestic insurance companies. The material part of this section is as follows:

''7025. Domestic companies—tax on gross premiums. Ev-

ery insurance corporation or association of whatever kind or character, organized under the laws of the state of Iowa, not including county mutuals or fraternal beneficiary associations, which county mutuals and fraternal beneficiary associations *are not organized for pecuniary profit*, shall, on or before the first day of March of each year, pay to the treasurer of state a sum equivalent to one per cent of the gross receipts from premiums, assessments, fees, and promissory obligations required by insurance contracts which are received during the next year preceding the first day of January last past.''

In March, 1926, the commissioner of insurance served a tax notice on the plaintiff claiming a tax was due the state under the provisions of section 7025 in the sum of $2,971.27.

Plaintiff brought this action to enjoin and restrain the defendants from the collection of the tax on gross premiums under section 7025 and for an order directing the insurance commissioner of the state of Iowa to issue a renewal of its license in due course. A decree was entered granting the plaintiff the relief for which it prayed.

■■■ The nature of the defense to the action is: ''The defendants deny that the mere formal workings of the plaintiff or its name determine its true status, but alleges that the character of the business transacted by the plaintiff is the true test and that by this test the plaintiff was *not being operated and carried on during* the year 1935 as a fraternal beneficiary association within the meaning of chapter 402 of the Code of Iowa, and is, therefore, not entitled to the exemption from the tax.

The defendants claim that plaintiff's business was not carried on for the sole benefit of its members, but was carried on for profit. Conceding that this contention is true the plaintiff would not be subject to the tax.

Section 7025 exempts from the tax fraternal beneficiary associations which ''are not organized for pecuniary profit.'' Plaintiff is a fraternal beneficiary association formed under chapter 402 ''not for profit''.

It is the kind or character of the corporation or association that determines its exemption under section 7025 from the tax on gross premiums.

The plaintiff received a charter to transact business as a fraternal beneficiary association, not for profit, and carried on

its business under the charter. The only statutory or charter power the plaintiff had was to organize and carry on for the benefit of its members. *Ultra vires* acts, for example, operating for the purpose of profit and not for the sole benefit of its members, would not change its nature or enlarge its powers. The status of the plaintiff is such that it is not a member of the class of insurance companies that is subject to the tax and is, therefore, exempt from the tax.

Moreover, section 8777 does not prohibit the plaintiff from making a profit for the security and benefit of its members. It would not be carried on for the benefit of the members if it operated or was compelled to operate at a loss. This statute requires that a fraternal beneficiary association be formed and carried on for the sole benefit of its members and not for profit. The record shows that the plaintiff was formed and carried on in compliance with the statute.

Defendants contend that the fact that plaintiff had a surplus of $700,000 in 1935 proves it was organized and carried on for the purpose of pecuniary profit and therefore was subject to the tax exacted by section 7025. This proposition cannot be sustained. The evidence shows that the surplus was used and maintained by the plaintiff for the sole use and benefit of the members as required by its charter and the statutes. Neither the charter nor the statutes requires that it distribute the annual surplus to its members each year.

Assuming, however, that plaintiff, as claimed by the defendants, paid agents to procure members though forbidden to do so by section 8812, and otherwise violated the provisions of chapter 402, and exceeded its powers, such offenses would not change its character as a fraternal beneficiary association and transform it into a corporation organized for profit subject to the tax imposed by 7025. Plaintiff is governed by the provisions of chapter 402 and the remedy for such offenses, the authority of the commissioner and the procedure to be followed are found in said chapter and especially in Code sections 8816, 8817.

Section 7025 exempts a fraternal beneficiary association not organized for pecuniary profit from the payment of the gross premium tax. If after the association is formed it, in the operation of its business, transcends its powers and disobeys the statutes it becomes subject to the action and punishments prescribed

by sections 8816, 8817, but remains exempt from the payment of the tax.

■■■ Defendants, in support of their contention that the manner of carrying on the business of the plaintiff, rather than its charter of the act under which it was incorporated, determines its character and whether or not it was entitled to the exemption, rely on statements made by this court in the cases of Readlyn Hospital v. Hoth, 223 Iowa 341, 343, 272 N. W. 90, 91; Theta Xi Bldg. Assn. v. Board of Review, 217 Iowa 1181, 251 N. W. 76, 77.

In the Readlyn case we stated:

"Appellant contends that because the articles of incorporation show that the Readlyn Hospital was organized for charitable and benevolent purposes, that the objects and purposes as expressed in its articles of incorporation should be controlling in determining its objects and purposes. The objects and purposes of the corporation as expressed in its articles of incorporation may be considered in determining this question, but the recital thereof in its articles is not controlling in determining the question of exemption. This question must be determined from the use made of the property rather than the declaration made in its articles of incorporation."

In the Theta Xi Bldg. Assn. case we stated:

"It is the use of the property, rather than the declaration made in the charter of the appellant, which determines the question as to its exemption from taxation."

In each of these cases the plaintiff claimed that its property was exempt from taxation under section 6944, par. 9. Section 6944 provides that "the following classes of property shall not be taxed: * * * . 9. Property of religious, literary and charitable societies. All grounds and buildings used by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used with a view to pecuniary profit."

Under this paragraph the test for the exemption is the *use* made of the property of the institutions within its provisions. In section 7025 the requirement for the exemption is that the association is not *organized* for pecuniary profit. These cases do not sustain defendants' position.

The decree entered below enjoining the defendants from collecting from the plaintiff any tax under section 7025, and enjoining the commissioner of insurance from canceling the license of the plaintiff to transact business in the State of Iowa and from refusing a renewal thereof on account of the failure of the plaintiff to pay a tax upon its gross premiums is affirmed.—Affirmed.

MITCHELL, KINTZINGER, RICHARDS, DONEGAN, and PARSONS, JJ., concur.