Fred G. Wolf et al., Appellees, v. Lutheran Mutual Life Insurance Company et al., Appellants.

No. 46707.

May 8, 1945.

Gamble, Read, Howland & Rosenfield, of Des Moines, for appellants.

J. R. McManus, of Des Moines, and Burton E. Sweet, Oliver J. Reeve, and Arben L. Young, all of Waverly, for appellees.

OLIVER, J.—This is a class action brought by plaintiffs (herein referred to as appellees) as policyholders of Lutheran Mutual Life Insurance Company against said company and its directors to enjoin them from submitting to the voting policyholders proposed amendments to the articles of incorporation which would change the principal place of business from Waverly, Iowa, to Des Moines, Iowa.

Lutheran Mutual Life Insurance Company was formerly a fraternal beneficiary association. See Lutheran Mutual Aid Soc. v. Murphy, 223 Iowa 1151, 274 N. W. 907. In 1937 it was reorganized as a legal reserve level premium mutual life insurance company. See sections 8869 to 8884, Code of Iowa, 1939. It issues policies to members of a Lutheran Church only. In 1923 its outstanding insurance totaled about $4,000,000; in 1936, about $50,000,000 and in 1944, about $100,000,000. Its admitted assets increased from about $7,000,000 in 1936 to more than $20,000,000 in 1944. It has about eighty thousand policyholders. The parties agree that it is solvent and prosperous and is growing rapidly.

In 1943 the board of directors elected from its membership a relocation committee to investigate and recommend whether the home office and principal place of business of the company should be removed from Waverly, where it had been located for many years. Preliminary reports of the committee were considered at several board meetings and an attorney for certain policyholders appeared and objected to such removal. The complete report of the committee was presented at a meeting of the board August 23, 1944, and that part of the report which recommended removal to Des Moines and set out proposed amendments to the articles of incorporation, to that end, for submission to the members of the corporation, was adopted by the board.

This action was instituted August 30, 1944. The petition and amendments allege that the board in offering the proposed amendments did not comply with the provisions of the articles of incorporation and with chapter 226, Acts of the Fiftieth General Assembly; that the country is now engaged in war and ten thousand of the policyholders are in the service, most of whom would be deprived of their right to vote upon the question; that the proposed move would entail considerable expense; that the company could operate at Waverly with greater success and at less cost; that president and director J. E. Hegg dominates the company; that there is no reasonable cause for the move and the amendments were not offered in good faith but to eliminate from the affairs of the company the officials who live in Waverly, in furtherance of a plan of Hegg and his associates to control the company, and for their personal convenience; and that unless enjoined appellants will have the amendments adopted by the policyholders, to the great and irreparable injury of the policyholders.

The court, without notice to appellants, granted appellees' application for temporary injunction and enjoined appellants from submitting the proposed amendments to the voting members and policyholders and from communicating with or writing them relative thereto and from moving or attempting to move the home office and from doing or performing any act or thing which has for its purpose the removal from Waverly.

November 10, 1944, appellants filed motion to dissolve the temporary injunction. November 21st they filed answer, sworn to by J. E. Hegg, admitting that unless enjoined they will submit the proposed amendments to the policyholders, and denying in detail the charges and conclusions of law and fact alleged by appellees.

Attached to the motion to dissolve are affidavits of J. E. Hegg and others and the minutes of various meetings of the board, including extended reports by the relocation committee discussing various factors involved in changing the headquarters of the company to Des Moines and reasons for its conclusion that such change was advisable. Affidavits of Hegg and others recite that he has devoted himself to the best interests of the company and has administered its affairs efficiently and economically and in accordance with the directions of the board, that he has never dominated or dictated the policies of the board, that he has no personal financial interest in the removal of the home office to Des Moines but believes it will be for the best interests of the company that said office be located in that larger city, which is a leading insurance center and where more complete facilities are available.

Appellees filed resistance to the motion to dissolve the temporary injunction with affidavits tending to show that the proposed move is inadvisable and appellants filed supplemental affidavits. Tables of statistics are set out in affidavits on both sides.

November 22d the motion to dissolve was submitted upon the affidavits filed by both sides. December 3, 1944, J. E. Hegg died and A. C. Ernst became acting president of the corporation. January 22, 1945, the court overruled the motion to dissolve.

January 25, 1945, the court, without notice to appellees, entered a supplemental ruling and order that the temporary injunction "is in force as against the defendants (except J. E. Hegg, who is now deceased), relative to all proceedings in the matter of amending the Articles of Incorporation under and by virtue of the proceedings and actions held by the Board * * * on the 23rd day of August, 1944, it being the opinion of the court that said actions and proceedings did not comply with

Article XV of the Articles of Incorporation * * *. The defendants * * * are not enjoined from taking future action to amend the Articles * * * conforming strictly to the provisions of Article XV * * * and to that extent the ruling and orders of this court filed January 22, 1945, and the order for temporary injunction filed August 30, 1944, are hereby modified.''

January 29, 1945, appellees filed amendment to petition and the court made two ex parte orders, which were recorded January 30, 1945. One of said orders canceled and set aside the order of January 25, 1945. The other order granted a temporary injunction which restrained the acts forbidden by the injunction of August 30, 1944, and also specifically forbade the consideration of any resolution which had for its purpose the removal from Waverly.

February 5, 1944, we granted defendants an appeal and on February 26th they filed notice of appeal.

I. The articles of incorporation provide that every person insured in the corporation for not less than $500 and who has attained the age of sixteen years shall be a voting member, entitled to one vote. Article XV provides in part that the articles of incorporation may be changed or amended at any annual meeting of the corporation or at any special meeting called for that purpose. The board of directors may propose a change or amendment to the articles of incorporation. The proposed amendment must be filed with the president or secretary ninety days prior to said annual or special meeting. A majority vote of the members voting thereon is required for the adoption of an amendment. A ballot in a prescribed form must be mailed each voting member, in a prescribed manner, not less than thirty nor more than ninety days prior to the meeting. The articles provide for voting in person or by ballot.

The minutes of the meeting of the board of directors of August 23, 1944, set out in full the report of the relocation committee, signed by its four members, which states, in part: (1) that the company should not move from Iowa (2) that the principal office of the company should be moved to Des Moines (3) that the board should adopt a resolution submitting to the policyholders two amendments to the articles of incorpo-

ration, set out in full in the report, which would change the principal place of business from Waverly to Des Moines and change the corporate seal accordingly and (4) that if the policy-holders approve the amendments the board should direct the officers to accomplish the movement to Des Moines.

A motion to adopt this part of the report was carried by a vote of six to three, one director who was present not voting.

Article XV provides the board may "propose" amendments. From the context it appears this means to offer them for vote of the policyholders. The record shows the board "adopted" part of the report of its relocation committee. As thus used, the word "adopt" means to take or receive as one's own what is not so naturally.

We are unable to agree with the contention of appellees that the action of the board of directors in adopting paragraphs 1 to 4 of the report of its relocation committee was insufficient to constitute a "proposal" of the amendments by the board. The proposed amendments are precisely set out in the report. They are in proper form. By adopting the report of its sub-committee the board made the offer of the amendments its own proposal. We are satisfied the procedure employed sufficiently complies with the articles of incorporation to constitute a proposal of the amendments by the board of directors.

II. Section 8360, Code, 1939, provides that amendments to articles of incorporation may be made at any annual meeting of the stockholders or special meeting called for that purpose, etc.

Chapter 226, Laws of the Fiftieth General Assembly, provides in part as follows:

"Section 1. Section eight thousand three hundred sixty (8360), Code 1939, is amended by adding thereto the following:

" 'Its articles of incorporation to the contrary notwithstanding, if three-fourths of the voting stock of any corporation organized under the provisions of chapter 384, with assets of the value of one million dollars or more, is owned by individuals owning not more than one share each of the voting stock thereof, said articles may be amended at any regular or special meeting of stockholders, when a notice in writing of

340

the substance of the proposed amendment has been mailed by ordinary mail to each voting stockholder of such corporation not more than ninety nor less than sixty days prior to said meeting, by the affirmative vote of two-thirds of the voting stock represented at said meeting when said amendment is approved by the affirmative vote of two-thirds of the members of the board of directors at a meeting prior to the mailing of said notice.' "

Appellees contended in the trial court that said chapter 226 nullifies Article XV of the articles of incorporation of Lutheran Mutual Life Insurance Company and provides the exclusive method for the amendment of said articles. The order of the trial court of January 22, 1945, overruling the motion to dissolve the temporary injunction, contains a conclusion of law contrary to such contention.

From that part of said order appellees have appealed. They had no right to an appeal because the order denied appellants' motion to dissolve the temporary injunction and was not prejudicial to appellees in any respect. However, appellees may raise the proposition in appellants' appeal for the purpose of securing an affirmance of the order. Shaw v. Addison, 236 Iowa 720, 18 N. W. 2d 796, and authorities cited. Wentland v. Stewart, 236 Iowa 258, 18 N. W. 2d 305. See, also, Mortenson v. Hawkeye Cas. Co., 234 Iowa 430, 12 N. W. 2d 823.

The pertinent language of said chapter 226 is: "Its articles of incorporation to the contrary notwithstanding * * * said articles may be amended," etc. The question is whether the procedure prescribed by chapter 226 is permissive and discretionary or is mandatory and exclusive so as to nullify provisions in articles of incorporation prescribing a different procedure.

The word "may," when used in a statute, is permissive only and operates to confer discretion unless the contrary is clearly indicated by the context. A mandatory construction will be given it when it can be seen that the legislative intent was to impose a duty, and not simply a privilege or discretionary power, and where the public is interested, and the public or third persons have a claim de jure to have the power exercised.

But it is only where it is necessary to give effect to the clear policy and intention of the legislature that it can be construed in a mandatory sense. Bechtel v. Board of Supervisors, 217 Iowa 251, 251 N. W. 633; State ex rel. Wright v. State Board of Health, 233 Iowa 872, 10 N. W. 2d 561; Downing v. City of Oskaloosa, 86 Iowa 352, 53 N. W. 256; Bernstein v. City of Marshalltown, 215 Iowa 1168, 248 N. W. 26, 86 A. L. R. 782.

There is nothing in the context to indicate the legislature intended to invalidate the provisions of the articles of some corporations relating to amendments or to provide a mandatory and exclusive procedure therefor. In the absence thereof the word "may," as used in chapter 226, should be interpreted as permitting but not requiring that amendments to such articles be made as therein provided. Amendments to articles of a corporation within the purview of chapter 226, Laws of the Fiftieth General Assembly, may be made as provided in its articles or as provided in said chapter. Either procedure is optional. In view of this conclusion we need not consider appellants' contention that the provisions of chapter 226 are not applicable to this mutual insurance company.

III. One ground pleaded for the injunction is that about one eighth of the members are in service in the war and most of these would be unable to vote upon the proposed change in the articles. That does not constitute a legal bar to the right of the majority to adopt such amendments. It may be noted that the proposed changes are not fundamental. If adopted they will not change the objects and rights of the company or the rights of the members. The pleaded ground affords no basis for injunctive relief.

IV. It is the general rule that the majority stockholders or members of a corporation have the right to determine its policies and to manage and direct its affairs, and the minority cannot dictate corporate policy but must submit to the judgment of the majority, so long as the majority act in good faith and within the limitation of the law. 13 Am. Jur. 475; 18 C. J. S. 1172; Wallace v. Pierce-Wallace Publishing Co., 101 Iowa 313, 327, 70 N. W. 216, 38 L. R. A. 122, 63 Am. St. Rep. 389; Peatman v. Centerville Light, Heat & Power Co., 100 Iowa 245, 251, 69 N. W. 541. Nor will courts control or interfere in the

internal management or policy of a corporation except in cases of fraud, bad faith, breach of trust, gross mismanagement, or ultra vires acts on the part of the officers or stockholders. 19 C. J. S. 447; 13 Am. Jur. 498.

In this case it is not contended that appellants propose to accomplish the removal to Des Moines by some act of the board of directors. The charge is that the board, unless restrained, will submit the amendments to the members of the corporation. Hence the temporary injunction would prevent the members of the company from voting on the amendments.

Appellees' pleadings set out estimates of various items of expense which would result from the proposed removal, assert various reasons why it would be disadvantageous, and allege that the considerations motivating the proposal of the amendments by the board of directors were their own personal convenience and their plan to control the company. Some other allegations, which do not appear to bear directly upon the proposed amendments, are that Hegg secured his election in 1934 by propagandizing the policyholders and has since dominated the affairs of the company.

The case does not involve financial dealings between directors or stockholders and the corporation and there is no charge that any director would profit personally at the expense of the corporation. Nor would the adoption of the proposed amendments discriminate against or violate the legal rights of any member or policyholder. Nor is the case one in which the voting control of a corporation has been or may be affected by the manipulation of blocks of its stock. The legal control of this company is in its eighty thousand individual members, who live in various parts of the country, and moving it to Des Moines would not affect that.

The power to adopt amendments to the articles of incorporation is vested in these voting members. Although there is no charge of fraud or bad faith on their part the injunction would prevent them from exercising their legal right to determine the policy of the company. Stripped of its verbiage, the pleaded basis of this ground for injunction is the charge that the proposed move is inadvisable, coupled with the charge that

the motives of the directors who proposed it were selfish. We conclude these pleaded charges are insufficient to warrant the interference of the court in the internal affairs of the company. From this conclusion and those hereinbefore stated, in each of which our discussion and consideration have been limited to appellees' petition as amended, it follows that the pleaded allegations were insufficient to warrant the orders for temporary injunction.

V. Appellees have moved to dismiss the appeal. One ground of the motion is that appellants' notice of appeal, which was filed in the office of the clerk of the district court of Bremer county February 26, 1945, was not timely because not filed within thirty days from the entry of the order of January 22d overruling appellants' motion to dissolve the injunction or the supplemental order of January 25th. However, the notice was filed within thirty days after the two orders recorded January 30th. These were ex parte orders made pursuant to the application of appellees.

As the record stood immediately prior to said last two orders appellants were not enjoined from offering amendments to the articles, in conformity with Article XV. Said orders materially changed and broadened the temporary injunction then in effect by ordering that appellants be restrained from so doing. One of said orders of January 30th granted a temporary injunction which included everything mentioned in the original temporary injunction and restrained additional specified acts. This order superseded the original order of August 30, 1944, as modified by the order of January 25, 1945. Union Guardian Trust Co. v. Jastromb, 6 Cir., Mich., 47 F. 2d 689.

It appears to be the rule that where, after the entry of a judgment, a party procures a new judgment to be entered which modifies the previous judgment in some material matter, such amended judgment is the final one from which the time for appeal by the adversary will be reckoned. 3 Am. Jur. 151; 4 C. J. S. 899; Engelcke v. Farmers State Bank, 61 S. D. 92, 246 N. W. 288; Union Guardian Trust Co. v. Jastromb, supra. Upon principle, the same rule is here applicable. Although the orders were not judgments, all of them related to the issuance, dissolution, or modification of a temporary injunction restrain-

ing the proposed removal and amendments and the order of January 30th may be said to be the final one from which the time for appeal will be reckoned. Hence the appeal was timely.

Appellees contend also that the order of January 22, 1945, after thirty days became the law of the case or res judicata for the purpose of this appeal. One sufficient answer to this argument is that subsequently the order was materially modified by the court and thereafter was superseded by the order of January 30th.

Another contention is based upon Rule 332(a) of the Rules of Civil Procedure, which provides that this court may allow appeals from interlocutory rulings which will materially affect the final decision. It is asserted an order granting a temporary injunction does not materially affect the final decision and that this court has no jurisdiction to grant or consider an appeal therefrom.

Heretofore we have not had occasion to consider this provision of Rule 332(a). However, Commercial Credit Corp. v. Interstate Finance Corp., 233 Iowa 375, 377, 9 N. W. 2d 369, 370, considers the effect of such language in section 12823, Code of Iowa, 1939, and states:

"To determine whether an intermediate order involves the merits or materially affects the final decision, we said in the Dorman case [Dorman v. Credit Reference & Reporting Company] at page 1019 of 213 Iowa, page 438 of 241 N. W., that the order should be tested by the following question: 'Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?'"

Rule 332(a) gives the supreme court, or any justice thereof, discretionary power to grant an appeal from an order not appealable as a final judgment under Rule 331, on finding that such order involves substantial rights and will materially affect the final decision and that such procedure will better serve the interests of justice. It should be liberally interpreted to the end that the interests of justice be served. It is obvious that an order granting, refusing, or modifying a temporary injunction will usually deprive the unsuccessful party of some

right which cannot be protected by an appeal from the final judgment. Hence an appeal therefrom may be granted under Rule 332(a).

Upon application of appellants, and after a hearing participated in by counsel on both sides, this court entered an order staying the injunction in part. Appellees contend the appeal should be dismissed because this court had no power to make the stay order. We are unable to agree with either the foregoing premise or conclusion. The power of this court to make such orders appears to be well settled. Van Horn v. City of Des Moines, 192 Iowa 1313, 186 N. W. 193; City of Audubon v. Iowa Light, Heat & Power Co., 192 Iowa 1389, 186 N. W. 434. Moreover, an erroneous stay order would not constitute cause for dismissing an appeal.

Other propositions argued as grounds for dismissing the appeal need not be discussed. They have been considered and found to be without merit.

The orders granting temporary injunctions are reversed and the injunctions canceled.—Reversed.

All JUSTICES concur.