Fernando FERNANDEZ, Appellant,

v.

Larry Dean CURLEY, Appellee,

and

State of Iowa, Intervenor–Appellee.

No. 89–979.

Supreme Court of Iowa.

Nov. 21, 1990.

William J. Bribriesco of William J. Bribriesco & Associates, Bettendorf, for appellant.

John D. Stonebraker of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellee.

Thomas J. Miller, Atty. Gen., and Craig Kelinson, Asst. Atty. Gen., for intervenor-appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Plaintiff, Fernando Fernandez, who recovered actual and punitive damages from defendant, Larry Dean Curley, as a result of injuries sustained in an automobile collision, appeals from an order denying his motion for new trial on the issue of punitive damages. He also challenges the order disbursing a portion of the punitive damages to the civil reparations fund pursuant to Iowa Code section 668A.1(2)(b) (1989). Upon reviewing the record and considering the arguments which have been made by the respective parties, we affirm the judgment of the district court in part, reverse it in part, and remand the case to that court for further proceedings.

Defendant's pickup truck rear-ended a dump truck being driven by plaintiff and owned by plaintiff's employer. This collision occurred on September 11, 1987. Plaintiff commenced the present action against defendant seeking recovery for the physical injuries sustained in the collision and also seeking punitive damages. Defendant admitted that he was negligent in the

operation of his motor vehicle and that he was legally intoxicated at the time. He disputed the extent of plaintiff's injury and denied his entitlement to punitive damages.

Evidence offered at trial, when viewed most favorably to the plaintiff, establishes that defendant drank at least fourteen beers between 8 a.m. and 1 p.m. on the day of the collision. The accident occurred shortly before 2 p.m. on that date. No criminal charges were filed in connection with this incident. Defendant had been convicted of OWI in 1984. Evidence of that conviction was offered at trial but was excluded by the court on defendant's objection.

The jury returned a verdict in favor of plaintiff for $4761.75 in actual damages and $15,000 in punitive damages. In answering special interrogatories pursuant to Iowa Code section 668A.1(1)(a) and (b), the jury found that the conduct of the defendant was willful and wanton but was not directed specifically at the plaintiff or a person from whom plaintiff's claim is derived.

In disbursing the punitive damage award, the trial court directed that taxable court costs and plaintiff's reasonable attorney fees first be paid from the award and that plaintiff be paid twenty-five percent of the amount remaining after those costs and fees had been satisfied. The remaining amount of the punitive damage award was disbursed to the civil reparations fund. The State of Iowa has intervened in this proceeding after judgment seeking to uphold the disbursement of punitive damages to the civil reparations fund.

I. *Admissibility of 1984 OWI Conviction on Issue of Punitive Damages.*

The first issue on appeal concerns whether the district court erred in refusing to permit evidence of defendant's 1984 OWI conviction as that conduct bore on plaintiff's right to recover punitive damages. This ruling was made the basis for a motion for new trial on the punitive damage claim.

In urging that this evidence should have been received, plaintiff relies heavily on the case of *Thompson v. Moore*, 174 Ga.App. 331, 329 S.E.2d 914, *aff'd*, 255 Ga. 236, 336 S.E.2d 749 (1985). The Georgia appellate court in the *Moore* case stated that "[w]e can think of no circumstance more willful and wanton, more indicative of a conscious indifference to consequences, than repeated occurrences of driving while intoxicated." *Id.* at 333, 329 S.E.2d at 916.

In excluding the prior OWI conviction in the present case, the district court expressed the view that this evidence would be more prejudicial than probative, a circumstance which justified its exclusion under Iowa Rule of Evidence 403. Ordinarily, rulings on admissibility under rule 403 lie within the sound discretion of the trial court. *Henkel v. R & S Bottling Co.*, 323 N.W.2d 185, 193 (Iowa 1982); *Kalianov v. Darland*, 252 N.W.2d 732, 736 (Iowa 1977). *See also Carter v. Wiese Corp.*, 360 N.W.2d 122, 131 (Iowa App.1984). The trial court was in a good position to gauge whether, in light of the substantial evidence of willful and wanton conduct in the act which injured plaintiff, evidence of a prior incident of comparable conduct should be permitted. This is, we believe, a typical rule 403 balancing determination. We find no abuse of discretion in the trial court's evidentiary ruling.

II. *Disbursement of Punitive Damage Award Pursuant to Iowa Code Section 668A.1(2)(b).*

The other issue which we must consider is the method employed by the trial court in disbursing the punitive damage award under Iowa Code section 668A.1(2)(b). The district court ordered that taxable court costs and plaintiff's reasonable attorney fees first be paid from the $15,000 punitive damage award and that plaintiff be paid twenty-five percent of the amount remaining after payment of those fees and costs. The remaining amount of the punitive damage award was disbursed to the civil reparations fund.

The parties agree that, in situations where a defendant's willful and wanton conduct is not directed specifically at the

claimant, this statute was designed to divert a portion of a resulting punitive damage award to a public purpose. Unfortunately, notwithstanding this agreement as to the purpose of the legislation, no party to this appeal has provided a principled interpretation of the statutory language as this affects how the necessary calculations are to be made in carrying out the statutory prescription.

Plaintiff asserts that he was entitled to no less than twenty-five percent of the gross award, irrespective of the fact that certain of his fees and expenses are also being paid from the award. Defendant and intervenor dispute this claim. We are faced with an issue of first impression. The language of the statute is not a model of clarity. We must therefore resolve this issue by seeking out the most likely meaning of the disputed language in light of its apparent purpose. This requires our consideration, as nearly as possible, of the full implication of the statutory language. *See Willis v. City of Des Moines*, 357 N.W.2d 567, 570–71 (Iowa 1984).

■■ The pertinent language of the statute reads as follows:

 *a.* If the answer or finding pursuant to subsection 1, paragraph *"b"*, is affirmative [that defendant's conduct *was* directed specifically at the claimant], the full amount of the punitive or exemplary damages awarded shall be paid to the claimant.

 *b.* If the answer or finding pursuant to subsection 1, paragraph *"b"*, is negative [that defendant's conduct *was not* directed specifically at the claimant], *after payment of all applicable costs and fees, an amount not to exceed twenty-five percent of the punitive or exemplary damages awarded may be ordered paid to the claimant, with the remainder of the award to be ordered paid into a civil reparations trust fund administered by the state court administrator.*

Iowa Code § 668A.1(2)(a), (b) (emphasis added). The first question which arises in interpreting this language is whether the words "may be ordered paid to the claimant," mean, as intervenor suggests, that the allocation to be made between the claimant and the civil reparations fund is entirely discretionary with the trial judge. We answer this question in the negative. Although the use of the word "may" ordinarily suggests a power rather than a duty, *see* Iowa Code § 4.1(36), this rule is not to be slavishly followed where the contrary is indicated by the context. *Wolf v. Lutheran Mut. Life Ins. Co.*, 236 Iowa 334, 340–41, 18 N.W.2d 804, 808 (1945).

■■ The context within which this particular language appears necessarily takes into account the possibility that payment of the designated costs and fees may so reduce the gross punitive damage award that less than twenty-five percent remains. We conclude that within the context of the statute "not to exceed twenty-five percent" was intended to prescribe distribution of twenty-five percent of the award to the plaintiff, or less, if that amount is not available after payment of fees and costs. We are also persuaded that, contrary to the interpretation of the district court, the fractional percentage to be paid plaintiff is tied to the amount of punitive or exemplary damages actually awarded rather than the amount remaining after payment of fees and costs.

■ Another question which arises in the application of section 668A.1(2)(b) is the determination of what is included within "applicable costs and fees" to be paid from the punitive damage award. We agree with the district court that this language contemplates payment of the applicable costs and fees from the gross punitive damage award prior to distributing any portion thereof to the claimant or the civil reparations fund. The district court determined that the word "fees" included plaintiff's reasonable attorney fees applicable to the recovery of the punitive damage award. The court determined that this could be measured by a reasonable contingent fee agreement. We conclude that this interpretation comports with the intent of the legislation.

We disagree, however, with the district court's determination that the term "costs"

as used in this litigation means taxable court costs. Under Iowa Code section 625.1, the taxable court costs are recoverable from the losing party as a matter of right and should be included in the plaintiff's judgment against that party. The judgment against the defendant for punitive damages is an additional obligation over and above the obligation for costs. There is no indication in either the language or subject matter of section 668A.1(2)(b) which suggests that, in satisfying a punitive damage obligation, a defendant may simultaneously satisfy that party's separate liability for costs.

We believe that the applicable "costs" contemplated by this statute are the reasonable costs of litigation specifically attributable to the punitive damage claim which are not otherwise assessed against the defendant in the cost judgment entered pursuant to section 625.1. This includes, but is not limited to, the nontaxable portion of deposition costs, and those expert witness fees reasonably incurred but which exceed the limit provided in Iowa Code section 622.72.

Based on the determinations which we have made, we affirm the judgment of the district court awarding actual and punitive damages. We reverse the district court's order disbursing punitive damages and remand the case to that court for a new section 668A.1(2)(b) allocation consistent with our interpretation of that statute. The costs of appeal are assessed fifty percent to appellee and fifty percent to the intervenor-appellee.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

All Justices concur except LARSON, J., who dissents from Division II.