REVERE TRANSDUCERS, INC.
and Dobson Park Industries,
Inc., Appellees,

v.

DEERE & COMPANY, Appellee,

State of Iowa ex rel. Civil Reparations
Trust Fund, Intervenor–Appellant.

No. 00–0167.

Supreme Court of Iowa.

Dec. 19, 2001.

Thomas J. Miller, Attorney General, Craig Kelinson, Special Assistant Attorney General, and Richard E. Mull, Assistant Attorney General, for appellant.

Paul Steinman and Timothy P. Ryan of Eckert, Seamans, Cherin & Mellott, L.L.C., Pittsburgh, Pennsylvania, and H. Daniel Holm, Jr. of Ball, Kirk, Holm & Nardini, P.C., Waterloo, for appellees Revere Transducers, Inc. and Dobson Park Industries, Inc.

Larry J. Cohrt of Swisher & Cohrt, P.L.C., Waterloo, and Joel Carter of Deere & Company, Moline, Illinois, for appellee Deere & Company.

LARSON, Justice.

The Iowa Civil Reparations Trust Fund (fund) has appealed an allocation order of the district court dividing punitive damages pursuant to Iowa Code section 668A.1(2)(b) (1993). The fund contends the court erred in allowing a fifty percent

fee for one of the plaintiff's attorneys. We reverse and remand.

## I. *Facts and Prior Proceedings.*

In 1993 Revere Transducers, Inc., predecessor to the plaintiff in the present case, sued Deere and Company on various theories arising from Deere's alleged interference with Revere's production and sale of instruments called transducers. A jury awarded the plaintiff $550,000 compensatory damages and $450,000 in punitive damages. This court affirmed the jury's award in part, reduced the compensatory damages, and remanded for the district court to hold an evidentiary hearing regarding the distribution of the punitive-damage award. *Revere Transducers, Inc. v. Deere & Co.*, 595 N.W.2d 751, 772 (Iowa 1999) (*Revere I* ).

The fund, which is entitled under Iowa Code section 668A.1(2)(b) to a portion of the punitive-damage award, filed a motion for joinder or intervention and judgment entry in favor of the fund. The district court ordered division of the punitive damages as follows: Plaintiffs $145,725.75; fund $115,285.26; Eckert Law Firm (Eckert), attorney for the plaintiffs, $291,451.50; Ball, Kirk & Holm, co-counsel for plaintiffs, $30,440.49.

## II. *Discussion.*

 The allowance of attorney fees is reviewed under an abuse-of-discretion standard. *Wooldridge v. Cent. United Life Ins. Co.*, 568 N.W.2d 44, 50 (Iowa 1997).

If a jury determines punishable conduct of the defendant is not directed specifically at the plaintiff, as the jury found here, Iowa Code section 668A.1(2)(b) provides for a share of the punitive damages to be paid to the fund:

> [A]fter payment of all applicable costs and fees, an amount not to exceed twenty-five percent of the punitive or exemplary damages awarded may be ordered paid to the claimant, with the remainder of the award to be ordered paid into a civil reparations trust fund administered by the state court administrator.

 On this court's remand in *Revere I,* the plaintiff initially argued that the entire attorney-fee award, for both the compensatory- and punitive-damage recoveries, should be taken from the punitive-damage award, thus allowing the plaintiff to keep all of the compensatory damages without payment of fees. This is not consistent with Iowa Code section 668A.1(2)(b), which limits attorney fees to be paid from the punitive-damage award to only those applicable to the procurement of the punitive damages. The district court properly applied the statute and denied this request. In *Wilson v. IBP, Inc.*, 558 N.W.2d 132 (Iowa 1996), we confirmed this principle.

> Consistent with the statutory directive of Iowa Code section 668A.1(2)(b), as interpreted by *Fernandez v. Curley,* 463 N.W.2d 5 (Iowa 1990), [the punitive damage award] shall be apportioned by judgment entries as follows:
>
> > (1) For payment of applicable fees and costs, including plaintiff's reasonable attorneys fees *applicable to the recovery of the [punitive damage] award,* from the gross punitive damage award of $2 million.

*Wilson,* 558 N.W.2d at 148 (emphasis added).

In *Fernandez* we suggested that attorney fees applicable to the recovery of the punitive damages could be calculated by applying a reasonable contingent fee agreement. The fund concedes the 38⅓% contingency fee agreed to by the plaintiffs and Eckert is reasonable and that 38⅓% of the punitive-damage award should have been paid to Eckert. The Ball Law Firm, co-counsel for the plaintiff, should be paid

its hourly fees, then twenty-five percent of the total punitive-damage award should be paid to the plaintiff, and the remainder paid to the fund, according to the fund's argument.

The district court rejected the fund's requested allocation, instead awarding fifty percent of the punitive-damage award to Eckert. The court determined that, because *Fernandez* said a reasonable fee "*could* be measured by a reasonable contingent fee," 463 N.W.2d at 8, it did not "preclude a subsequent court [from] allowing an award of more than the contingent fee arrangement." The district court reasoned that Eckert expended fifty percent of its effort on the recovery of punitive damages, so it should be entitled to fifty percent of the punitive damages. However, the conclusion is simply not warranted by the premise and was an erroneous application of Iowa Code section 668A.1(2)(b). The ratio of effort expended by counsel to recover compensatory versus punitive damages is relevant only in light of the ratio of compensatory versus punitive damages actually awarded. We decline to speculate about cases in which the ratio of effort is grossly unreflective of the ratio of recovery.

■ We believe it is clear under a reading of the statute and our *Fernandez* case that an agreed contingency fee is ordinarily the fee to be applied to both the compensatory- and punitive-damage awards. (The Ball firm's fee, which was based on an hourly charge, is not an issue before us.) We hold that, under the circumstances, the 38⅓% contingency fee should have been applied to both the compensatory- and punitive-damage awards. We reverse and remand for entry of an order allowing Eckert a fee of 38⅓% from the punitive-damage award and thereafter

making the distribution as provided by section 668A.1(2)(b).

**REVERSED AND REMANDED.**