E. C. PROKSCH, Administrator, Appellant, v. EDWIN J. BETTENDORF et al., Executors, Appellees.

No. 42637.

NOVEMBER 20, 1934.

Howard L. Littig and John P. Dorgan, for appellant.

Cook & Balluff, for appellees.

KINDIG, J.—Some time before July 15, 1930, Annine C. Scheiner died testate. On that date, the American Trust Company of Davenport was duly appointed the executor of her estate. From that date the American Trust Company continued to act as executor of the Annine C. Scheiner estate until November 27, 1931, when the trust company ceased acting as such executor, and the plaintiff-appellant, E. C. Proksch, was duly appointed administrator with the will annexed of the estate of Annine C. Scheiner, deceased. Because of financial difficulties, the American Trust Company became insolvent and closed its doors on or about December 28, 1932, when a receiver was appointed to liquidate its assets.

At that time the trust company held $7,951.39 belonging to the Scheiner estate. A claim was filed by the appellant with the receiver of the trust company on the theory that the money belonging to the estate was held in trust by the trust company, and therefore should be turned over to the Scheiner estate as a trust fund. But because the trust company had commingled the funds of the Scheiner estate, which it held as executor, with other funds that were general in their nature, it was impossible for the appellant to trace the trust funds of the Scheiner estate into the common fund held by the receiver of the trust company. See Leach v. Farmers Savings Bank of Hamburg, 205 Iowa 114, 213 N. W. 414, 217 N. W. 437, 56 A. L. R. 801. Consequently the district court did not allow the appellant to recover on the theory of the trust fund doctrine.

Joseph W. Bettendorf, during his lifetime, was a director of the American Trust Company from January 14, 1918, until he resigned on November 27, 1931. During that period, it is alleged by the appellant that the trust company, of which Joseph W. Bettendorf was a director, commingled trust funds of the Annine C. Scheiner estate with the general funds of the company. It is said by the appellant that on July 17, and October 1, 1930, the secretary of the American Trust Company drew checks on the account of the Scheiner estate for $7,689.59 and $720.18, respectively. When thus drawn, the checks were deposited by the secretary of the American Trust Company to the account of the trust company in a correspondent bank. Furthermore, it is claimed by the appellant that the trust company thus used its trust funds generally for its own individual purposes, paid salaries, and other obligations and debts of the trust company therefrom.

Section 9290 of the 1931 Code provides:

"All property, real or personal, received in trust by any such corporation [referring to corporations like the American Trust Company] exercising the powers granted by this chapter [416], shall be kept separate from such funds or property which may be in the possession of such corporation, and shall not be liable for the debts or obligations of such corporation."

After resigning as a director of the American Trust Company, and before the commencement of the present proceedings, Joseph W. Bettendorf died, and the defendants-appellees, Edwin J. Bettendorf and William E. Bettendorf, were appointed executors of his

estate. So, on November 22, 1933, the appellant commenced the present proceeding against the appellees, Edwin J. Bettendorf and. William E. Bettendorf, the executors of the estate of Joseph W. Bettendorf, deceased. In his amended petition, the appellant, among other allegations, makes the following:

"That J. W. Bettendorf (appellees' intestate) knew (during the time the American Trust Company was the executor of the Annine C. Scheiner estate) it was the practice and general policy of the American Trust Company to mingle funds received by it in trust with the current funds of the company and to deposit them in its own name in a correspondent bank; that either by directing or not objecting to said practice and policy, J. W. Bettendorf knowingly participated and aided in the violation by the American Trust Company of its duty as executor of the Annine C. Scheiner estate."

An answer was duly filed by the appellees, denying the allegations of the amended petition and setting forth other defenses. Nevertheless, we find it necessary to discuss only the issue raised by the amended petition and the general denial in the answer.

The cause was tried before a jury on February 13, 1934. At the end of the appellant's testimony, the appellees moved the court for a directed verdict. This motion was overruled by the district court at that time. Whereupon the appellees submitted their evidence. Then, at the close of all the testimony, the appellees again renewed their motion for a directed verdict, at which time it was sustained by the district court.

Underlying the appellees' motion is the thought that the appellant has not proven a cause of action against the appellees. From the judgment entered on the foregoing ruling, the appellant appeals.

There is no serious claim on the part of the appellant that he has proven the allegation in his amended petition to the effect that J. W. Bettendorf, while he was a director of the trust company, directed the practice of that company of commingling the trust funds with the general funds of the institution. If, then, the appellant has proven a cause of action against the appellees, it is because of the allegation that J. W. Bettendorf, during the time he was a director of the American Trust Company, failed to object to the aforesaid practice of the trust company, while it was executor of the Scheiner estate, and thereby assisted and aided that com-

pany in handling the funds of the estate in breach of the trust imposed upon such executor.

So it is to be seen that if the appellant has proven a cause of action against the appellees, it is based upon the nonfeasance of the director J. W. Bettendorf, as distinguished from a cause of action based upon his misfeasance or malfeasance. An officer or director of a corporation, under proper circumstances, may be liable for malfeasance or misfeasance to a creditor of, or one dealing with, the corporation. Walker v. Howell, 209 Iowa 823, 226 N. W. 85; Cornick v. Weir, 212 Iowa 715, 237 N. W. 245. See, also, 7 Ruling Case Law, section 486, pp. 504 and 505. It is said in 7 Ruling Case Law, section 486, on pages 504 and 505:

"Some confusion has arisen in the cases from a failure to observe clearly the distinction between nonfeasance and misfeasance or malfeasance. 'Nonfeasance', as used in this connection, means the omission of an act which a person ought to do; 'misfeasance' is the improper doing of an act which a person might lawfully do; 'malfeasance' is the doing of an act which a person ought not to do at all."

When, therefore, an action against a director of a corporation is based upon nonfeasance, as distinguished from misfeasance or malfeasance, there ordinarily is no liability to a creditor of, or a person dealing with, the corporation. This proposition was determined in Cornick v. Weir, supra. Nevertheless a director might be liable for nonfeasance to the corporation itself. See Cornick v. Weir, supra. No reason appears why the principles announced in Cornick v. Weir, supra, should not by analogy apply to the case at bar. The bank, in the Cornick case, was controlled by the same chapter of the Code that controls the trust company in the case at bar, and, as before indicated, we there held that a director is not liable to a creditor of the bank for nonfeasance.

J. W. Bettendorf, the director in the case at bar, so far as the record indicates, was not a paid officer of the trust company, nor, according to the record, was he a heavy stockholder in that company. He was not in charge of the active management of the trust company. Such management was vested in a paid secretary, who apparently did not act in the capacity of a director. Bettendorf's relationship with the trust company was merely that of an unpaid director. See Cornick v. Weir, supra. Moreover, Bettendorf was not

the trustee for the Scheiner estate; but rather the trust company was the trustee. All the obligations to manage and account were assumed, not by Bettendorf, as a director, but by the trust company as a corporation. See Cornick v. Weir, supra. Section 9290 of the 1931 Code provides, not that the director, but that the corporation itself, must keep the trust funds held by it separate from other funds of the corporation. In other jurisdictions there may be found cases placing the liability for nonfeasance upon a corporate director for the loss of the kind in question. See Cornick v. Weir, supra. There is no statutory obligation upon the director in the case at bar, however, for the loss under consideration, although there are obligations placed upon him by statute for other and different losses. See Cornick v. Weir, supra. According to the Cornick case, a director of a bank "is under certain statutory obligations" and "he owes many obligations to the bank as such", but "in a case such as the one" involved in the Cornick case "he cannot be held merely for nonaction or negligence."

Under all the circumstances, therefore, the director is not liable in the case at bar for mere nonfeasance. It is not alleged by the appellant in his amended petition that the directors in the case at bar were guilty of fraud. Nor is it claimed by the appellant in his amended petition that the directors, by a conspiracy, sought to bring about a conversion of the appellant's funds through corporate action. Furthermore, it is not claimed by the appellant in his amended petition that the failure of the director Bettendorf to act was connected with such peculiar facts and circumstances as to amount, in effect, to a misfeasance or malfeasance on his part. See Winn v. Harby et al., 171 S. C. 301, 172 S. E. 135.

The American Trust Company had at least five directors. J. W. Bettendorf was only one of them. No one director could manage or control the affairs of the corporation. In order to manage and control the corporation, a majority of the directors, at least, would have to direct, or acquiesce in, a given policy. It is not claimed by the appellant that the board of directors, by resolution, authorized the American Trust Company to mingle the trust funds with its own general funds. Nowhere is it shown in the record that the failure to object on the part of J. W. Bettendorf (assuming that he knew of the act of the corporation in converting the trust funds) amounted to a joint acquiescence by him and the other directors. One director, of course, could not control the board. Bettendorf

could not cause, nor aid in causing, the loss under the record here revealed, unless he joined the other members of the board in a common acquiescence in the policy of commingling the funds, which was followed by the corporation. See Briggs v. Spaulding et al., 141 U. S. 132, 11 S. Ct. 924, loc. cit. 930, 35 L. Ed. 662. See, also, Virginia-Carolina Chemical Co. v. Ehrich et al. (D. C.) 230 F. 1005.

There is nothing in the record to indicate that these other directors were guilty of malfeasance or misfeasance to which the director Bettendorf contributed. Necessarily, then, the district court properly held that Bettendorf, under the circumstances, was not liable for mere nonfeasance.

Wherefore, the act of that tribunal in directing a verdict for the appellees must be sustained. The judgment of the district court, accordingly, is affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, ALBERT, KINTZINGER, and ANDERSON, JJ., concur.

DONEGAN, J., took no part.