CITIZENS FOR WASHINGTON
SQUARE, a Corporation Not
For Profit, Appellant,

v.

CITY OF DAVENPORT, a Municipal Corporation and Special Charter City, and Davenport & Scott County Family Y, Appellees.

Marie Le Claire ANDERSON, Appellant,

v.

CITY OF DAVENPORT, a Municipal Corporation and Special Charter City, and Davenport & Scott County Family Y, Appellees.

Nos. 61715, 61660.

Supreme Court of Iowa.

April 25, 1979.

---

Anthony L. Anderson, of Anderson, Preuss & Zwibelman, Clayton, Mo., for appellants.

Thomas C. Fritzsche, Asst. Corp. Counsel, Davenport, for appellee City of Davenport.

Walter A. Newport, Jr., of Newport, Buzzell, Liebbe & Fortini, Davenport, for appellee Family Y.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves a motion to dismiss the petition of plaintiffs Citizens For Washington Square and Marie Le Claire Anderson. The trial court sustained the motion as to Citizens and sustained it in part as to Anderson.

I. The parties appear to have lost sight of some of the principles governing motions to dismiss. We now have notice pleading. A petition need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief to which the pleader "deems himself entitled." Iowa R.Civ.P. 69(a). Iowa Rule of Civil Procedure 104 states in part:

> Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

> . . . .

> (b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

A motion to dismiss grounded on failure to state a claim "is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may

be granted under any state of facts which could be proved in support of the claim asserted." Also, "In making this determination the pleading should be construed in the light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true." *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). An additional principle is that "[a] motion to dismiss must stand or fall on the matter alleged in the petition. It can neither rely on facts not alleged (except those of which judicial notice may be taken) nor may it be aided by an evidentiary hearing." *Riediger v. Marrland Development Corp.*, 253 N.W.2d 915, 916 (Iowa 1977).

We are not dealing here with a motion to adjudicate law points under Iowa R.Civ.P. 105. For present purposes a motion to adjudicate law points differs from a motion to dismiss under rule 104 in two respects. First, a rule 105 motion is directed to a point of law which goes to the whole "or any material part" of the case, whereas a rule 104(b) motion to dismiss is directed to "a claim." Second, an adjudication of a law point under a rule 105 motion "shall not be questioned on the trial of any part of the case of which it does not dispose." Iowa R.Civ.P. 105. On the other hand, if a rule 104 motion to dismiss is overruled, the movant "may always question the sufficiency of the pleading during subsequent proceedings." Iowa R.Civ.P. 110. If the motion to dismiss is sustained, the pleader may amend or appeal. If the pleader amends he may nonetheless assert the sufficiency of his original claim in subsequent proceedings under the principle that ordinarily a trial court has the right to change its ruling during the progress of a case. *Cowman v. LaVine*, 234 N.W.2d 114, 124 (Iowa 1975). If instead the pleader appeals and secures a reversal, the trial court's sustention of the motion to dismiss is no longer in effect. *Sleeper v. Killion*, 182 Iowa 245, 257, 164 N.W. 241, 245 (1917).

II. Plaintiffs' petition alleges that Citizens is a nonprofit corporation organized to promote the historic preservation of Washington Square; Anderson is a descendant of the grantor to the City of Davenport of a tract called Washington Square; the City is a special charter city, and on July 19, 1977, notice of this action was filed with the City pursuant to section 420.44, The Code 1977; defendant Davenport & Scott County Family Y is a nonprofit corporation; on May 18, 1977, the City approved the sale of a portion of Washington Square to the Y for racquetball courts for $70,000; the portion comprises 30,000 square feet of the remaining 37,000 feet after a 1961 conveyance to the Y of the eastern 202 feet of the Square; the Y occupies the remaining 7000 square feet as a parking lot without formal lease or license; on August 21, 1961, the City quitclaimed the eastern 202 feet of the Square to the Y for the site of the Y's present building upon the following representations to the district court in Equity Case No. 44680, which later appeared to be false: the Y would be affiliated with the national YMCA and YWCA, the building would provide transient housing for young men, the organizations using the building would serve the public without regard to creed or economic condition, and the conveyance would not serve the ends of organizations which accept only members of evangelical protestant religious sects; in bringing the equity suit the Y knew the representations were or would be false and therefore the court was not fully advised of the situation; the portion of the Square presently sought by the Y is worth and should have a minimum sale price of $180,000, and the City is thus arbitrarily and unreasonably disregarding its duty to taxpayers and citizens; the dedicator of the Square gave it for park purposes and public use, and by accepting the dedication the City contracted to maintain the Square as a public park; selling the land to a private interest for inadequate consideration is in fraud of the right of the City's citizens to have the land remain a park; selling the land to the Y unconstitutionally establishes religion because of the Y's affiliation with organizations limiting membership to evangelical protestants; and selling the land to the Y for inadequate consideration allows private interests to profit at public expense as the Y discrimi-

nates against poor people by charging for its services. Plaintiffs prayed the court to decree that all conveyances by the City to the Y are void and that the Square remain a public park, to declare the rights, status, and legal relationships of the parties, and to grant plaintiffs other and further relief and costs. Attached to the petition was a section 420.44 notice to the City, purportedly executed by Citizens and Anderson by persons on their behalf.

Defendant Y filed a three-division motion to dismiss "the petition." In division I the Y so moved as to plaintiff Anderson. The Y asserted that it brought a quieting title action in 1961 against Anderson and others as to the portion of the Square quitclaimed to the Y that year, and the court quieted the title; that the 1961 decree is res judicata as to the 1961 portion; that the court held the City has absolute and unconditional fee simple title to the Square; and that Anderson is therefore bound by collateral estoppel as to the 1977 portion.

In division II the Y moved to dismiss "the petition" as to plaintiff Citizens for the reasons stated in division I and also because everyone who had standing to object in 1961 was a party to the 1961 suit, and Citizens therefore cannot now overturn the decree; Citizens is not a real party in interest; and Citizens does not state a cause of action.

In division III the Y moved to dismiss "the petition" as to both defendants on the grounds that Citizens was not incorporated until July 22, 1977, but purported to file notice with the City under section 420.44 on July 19, 1977, when Citizens did not exist; that Anderson did not give notice under section 420.44; that the action as against the City must therefore be dismissed; and that the City is an indispensable party. An attached affidavit stated that the office of the Iowa Secretary of State reported Citizens was incorporated on July 22, 1977. (An opposing affidavit was filed by Citizens stating that its articles of incorporation were executed and adopted on July 19, 1977.)

After a hearing on the motion, the trial court (1) sustained in part division I relating to Anderson and overruled that division as to adequacy of consideration for the 1977 conveyance; (2) sustained entirely division II relating to Citizens; and (3) overruled division III. As a result, Anderson's challenge to the 1977 conveyance based on inadequacy of consideration was the only part of the case remaining.

Anderson took an interlocutory appeal with permission, and Citizens appealed.

■ III. We deal first with Anderson's appeal. While the trial court had to rule on each *ground* of the motion to dismiss, Iowa R.Civ.P. 118, it should simply have overruled *the motion itself* as to Anderson. Each division of the motion sought to dismiss "the petition" and a petition stands as against such a motion unless the conclusion appears a certainty the plaintiff is not entitled to any relief under any state of facts which could be proved in support of the claim asserted. Since the trial court held that such a conclusion did not appear as to Anderson with regard to the 1977 conveyance on the issue of inadequate consideration, the court should have overruled the motion as to her.

■ The trial court correctly held the petition did not disclose to a certainty that Anderson had no claim as to inadequacy of consideration for the 1977 conveyance. Assuming arguendo that the 1961 decree is properly before us and that both res judicata and issue preclusion would otherwise apply against Anderson as to the 1977 conveyance, the 1977 inadequate consideration claim injected an element not encompassed by the prior decree. 46 *Am.Jur.2d Judgments* § 443, at 614 (1969); 50 *C.J.S. Judgments* § 738, at 243 (1947) ("The decree is conclusive only as to the matters capable of being controverted at the time and as to conditions then existing, and cannot operate as an estoppel as to after-occurring facts not involved in the suit in which the decree was rendered."); *Restatement (Second) of Judgments* § 61, Comment f & Illustration 11 (Tent. Draft No. 5, 1978). Neither 20 years under section 614.1(6), The Code, nor

10 years under section 614.1(7) had elapsed to bar Anderson's claim relating to the 1977 conveyance. In addition, her section 420.44 notice appears to be timely.

We need go no farther with the motion as to Anderson. The Y did not satisfy the test for motions to dismiss as to her. If upon remand defendants answer the petition and the parties go to trial, Anderson may present her case on the claim of inadequate consideration in 1977 and she may also introduce for determination her evidence on the other bases of her claim. In this connection we invite the parties' attention to the statements made in *Andersen Construction Co. v. National Bank*, 262 N.W.2d 563, at 564–65 (Iowa 1978), and *DOT v. Read*, 262 N.W.2d 533, at 536 (Iowa 1978).

As to Anderson's appeal we thus affirm the overruling of the motion with regard to the 1977 claim of inadequate consideration, but we reverse as to the district court's failure simply to overrule the motion as to Anderson.

IV. We turn to Citizens' appeal.

A. What we have said about Anderson's claim of inadequate consideration in 1977 applies to Citizens as well. Since the payment of $70,000 in 1977 occurred after the 1961 decree was entered, that issue is unaffected by res judicata or issue preclusion, and that claim is not barred by the limitations in section 614.1, subsections (6) and (7).

B. The Y and the City contend however that Citizens did not give the City, an indispensable party, proper notice under section 420.44, and that Citizens is not a real party in interest.

■ As to section 420.44 notice, we will assume arguendo that the City is an indispensable party, that section 420.44 covers claims of this kind, and that the rationale is inapplicable which we expressed with reference to section 420.45 in *Gleason v. City of Davenport*, 275 N.W.2d 431, 436 (Iowa 1979). The problem is that the Y's motion is "speaking" at this point. Under our rule the claimed infirmity must not arise outside the petition, such as the claimed infirmity presented in the affidavit defendant tendered with its motion. *Riediger v. Marrland Development Corp.*, 253 N.W.2d 915, 916 (Iowa 1977). We therefore need not consider the trial court's conclusion that the Y's objection to the notice was only technical.

As to real party in interest, we are dealing with a problem of standing to sue. We do not have a federal constitutional challenge here; in those cases we apply the federal rule of standing which goes back to the case and controversy clause in the United States Constitution. *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 567 (Iowa 1976); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). This case involves Iowa law, and the issue of standing is to be resolved under that law.

■ The first question under the issue of standing is whether Citizens may assert rights of its members. Citizens does not claim, as we understand its petition, that it suffered harm itself from the conveyances of portions of Washington Square. *See Citizens Planning & Housing Association v. County Executive*, 273 Md. 333, 329 A.2d 681 (1974). Citizens must therefore rest its right to sue on the rights of its members. It may do so. *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *NAACP v. Button*, 371 U.S. 415, 428, 83 S.Ct. 328, 335, 9 L.Ed.2d 405, 415 (1963) ("We also think petitioner has standing to assert the corresponding rights of its members."). The present situation is not controlled by *Motor Club v. DOT*, 251 N.W.2d 510 (Iowa 1977) (corporation itself harmed), or *Iowa Civil Liberties Union* (jus tertii situation).

The second question is whether Citizens' members have sustained legally cognizable harm. The debate in this area of the law is whether a citizen or taxpayer, as such, may challenge the conveyance or diversion of a park or other dedicated area, or whether standing is limited to persons with injuries different in kind from the injuries of the general public, such as abutting property owners. 23 *Am.Jur.2d Dedication* § 70, at

59–60 (1965); 59 *Am.Jur.2d Parks, Squares & Playgrounds* §§ 54 & 55, at 312–14 (1971); 56 *Am.Jur.2d Municipal Corporations, Counties & Other Political Subdivisions* § 849, at 832–33 (1971); 26 *C.J.S. Dedication* §§ 68–71, at 567–69 (1956); 64 *C.J.S. Municipal Corporations* § 1823, at 310–11 (1950). *Cf. Williamson v. Kelley*, 271 N.W.2d 727, 729–30 (Iowa 1978). We are not now required to resolve this thorny issue because the Y has not shown "to a certainty" that Citizens has not stated a claim under "any state of facts which could be proved in support of the claim asserted." Citizens may be able to prove that its members can recover regardless of which rule of standing is applied to those members. On the other hand, Citizens may be unable to prove a right to recover under the applicable rule, but that is a matter of the evidence and we are now at the pleading stage.

Citizens is therefore in the same position as Anderson, except that as to it we simply reverse the sustention of the motion. Our remarks about the progress of the litigation henceforth as to Anderson are applicable as well to Citizens.

AFFIRMED IN PART, REVERSED IN PART AS TO ANDERSON: REVERSED AS TO CITIZENS.