Gladys B. KLEMAN, Appellee,

v.

**CHARLES CITY POLICE
DEPARTMENT,**
Defendant,

and

**Charles City Press, Inc., and David S.
Overby, Appellants.**

No. 84–1161.

Supreme Court of Iowa.

Aug. 21, 1985.

Bernard L. Spaeth, Jr., David L. Phipps, and John D. Cleavenger of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellants.

Richard N. Tompkins, Jr., Mason City, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

The order challenged on this interlocutory appeal by a newspaper and its editor denied their motion to dismiss one of plaintiff's damage claims and enjoined them from disseminating certain information pertaining to the lawsuit. We affirm the ruling on the motion to dismiss but reverse the grant of injunctive relief and remand for further proceedings.

I. *Background Facts and Proceedings.*

Plaintiff, a resident of Floyd County, brought this action at law against defendants Charles City Police Department (identified as "a division of Charles City, Iowa, a municipal corporation"); Charles City Press, Inc., publisher of a newspaper in Charles City; and its managing editor David S. Overby. Plaintiff alleged that she was damaged when defendants obtained from a confidential central registry and then published in the newspaper a report of her arrest for child abuse, subsequently corrected to substitute "investigation" for arrest. The substance of her claim was set forth in paragraphs five through eleven of her petition:

5. That the Defendants on or about October 17, 18th, 19th or October 20, did unlawfully allow unauthorized access to child abuse information in violation of Section 235A.15 of the Code of Iowa pertaining to the investigation of alleged abuse concerning the plaintiff.

6. That Defendant Charles City Police Department did deliberately or negligently make the said information available to Defendant David S. Overby as an employee of the Charles City Press, Inc.

7. That said Defendants on or about said dates did disseminate or redisseminate child abuse information in violation of Section 235A.17 of the Code of Iowa and without any request for authorization as allowed by the Code.

8. That Defendant David S. Overby and Defendant Charles City Press knew that the said child abuse information was obtained without authorization and redisseminated it on October 19, 1983 to the public by printing it in the newspaper on page 2 of the Charles City Press Daily Journal under a section called "Daily Record", with the sub-heading "Police Report" stating "Gladys DeMerritt, 1000½ N. Grand Ave., APT 5 was arrested for child abuse the morning of October 17."

9. Plaintiff Gladys B. Kleman is also known as Gladys DeMerritt.

10. That on October 20, 1983, the Defendant David S. Overby in the newspaper printed by Defendant Charles City Press, Inc., on page 2 "Daily Journal" under the sub-heading "Daily Record" and the further sub-heading of "Police Report Correction" they did redisseminate child abuse information by stating "A report printed in Wednesday's PRESS an arrest for child abuse should have read instead 'An investigation' of child abuse. The PRESS regrets the error." The said redissemination is in violation of the laws of the State of Iowa.

11. That the said unauthorized access to child abuse information, dissemination of the same and redissemination of the same constitutes .malice and libel per se and has caused the plaintiff grievous mental and emotional harm for which she seeks not less than $25,000.00 actual damages for each violation and an additional $50,000.00 exemplary damages for each violation.

Plaintiff based her statutory claim for damages and request for injunctive relief on Iowa Code section 235A.20 (1983) which provided:

Any aggrieved person *may institute a civil action for damages* under chapter 25A or 613A or *to restrain the dissemination of child abuse information in violation of this chapter,* and any person, agency or other recipient proven to have disseminated or to have requested and received child abuse information in violation of this chapter shall be liable for actual damages and exemplary damages for each violation and shall be liable for court costs, expenses, and reasonable attorney's fees incurred by the party bringing the action. In no case shall the award for damages be less than one hundred dollars.

(Emphasis added.)

The plaintiff obtained and filed with her petition on April 6, 1984, an "order for temporary injunction" entered by a district judge (not, however, the district judge whose subsequent order has been appealed). That temporary restraining order, entered ex parte and without notice, enjoined the clerk of court and all parties to the action "from making public any information concerning the filing of this petition, or any action hereunder...." That order also set a hearing ten days later on plaintiff's application for an injunction; by agreement of the parties the hearing was held on July 3, 1984.

The newspaper and Overby moved to dismiss the statutory damage claim and resisted the application for an injunction on several grounds. They contended that the sanctions of Iowa Code section 235A.20 applied only to persons with authorized access to the registry. Contending they had no such access, defendants argued that chapter 235A did not apply to them and

was unconstitutional if it did. They also attacked the temporary injunction as an unconstitutional prior restraint on publication and contended there had been no evidentiary showing to justify the injunctive relief sought by plaintiff.

The district court by the order here challenged overruled the motion to dismiss and continued in effect certain restraints against publication of information about the lawsuit. The restraints of the initial ex parte order were modified to the extent that the parties were allowed to communicate with their insurance carriers, attorneys, and each other so they might investigate the claim and undertake discovery. We have allowed the newspaper and Overby to proceed with their interlocutory appeal from the order denying their motion to dismiss and granting injunctive relief. We first address the question whether the motion to dismiss was properly denied, then the question whether the record before us supports the district court's grant of injunctive relief.

## II. *The Motion to Dismiss.*

In determining whether a petition fails to state a claim on which any relief can be granted, the test of Iowa Rule of Civil Procedure 104(b), we apply established principles summarized as follows in *Citizens for Washington Square v. City of Davenport,* 277 N.W.2d 882 (Iowa 1979):

> A motion to dismiss grounded on failure to state a claim 'is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted.' Also, 'In making this determination the pleading should be construed in the light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true.'

*Id.* at 883–84 (quoting *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977)).

 The notice pleading provided for in Iowa Rule of Civil Procedure 69(a) requires only a "short and plain statement of the claim" and does not require the pleading of facts. *Schmidt v. Wilkinson,* 340 N.W.2d 282, 283 (Iowa 1983). The petition provides "fair notice" to defendants if it apprises them of the incident giving rise to the claim, states the basic elements of the claim, and sets forth the general nature of the action. *Id.* at 283–84; *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981); *Gosha v. Woller,* 288 N.W.2d 329, 331 (Iowa 1980). Read in the light of those principles, plaintiff's petition gave these defendants fair notice that she was asserting several claims based on their alleged dissemination of child abuse information and publication of the two newspaper articles.

Initially we note that paragraph eleven of plaintiff's petition adequately disclosed that she was asserting a libel claim based on those two newspaper articles. *See* Iowa Code chapter 659 (1983); *Vojak v. Jensen,* 161 N.W.2d 100, 104 (Iowa 1968). Defendants concede that this case must be remanded for further proceedings on the libel claim regardless whether the statutory claim was vulnerable to their motion to dismiss.

We conclude that plaintiff's pleaded statutory claim was also legally sufficient. Plaintiff may be able to prove facts within the framework of her petition which would entitle her to damages based on defendants' alleged statutory violations.

Iowa Code section 235A.12 (1983), entitled "Legislative findings and purposes," provides:

> The general assembly finds and declares that a central registry is required to provide a single source for the statewide collection, maintenance and dissemination of child abuse information. Such a registry is imperative for increased effectiveness in dealing with the problem of child abuse. The general assembly also finds that vigorous protection of rights of individual privacy is an indispensable element of a fair and effective system of collecting, maintaining and disseminating child abuse information.

The purposes of this section and sections 235A.13 to 235A.24 are to facilitate the identification of victims or potential victims of child abuse by making available a single, state-wide source of child abuse data; to facilitate research on child abuse by making available a single, state-wide source of child abuse data; and to provide maximum safeguards against the unwarranted invasions of privacy which such a registry might otherwise entail.

In furtherance of those purposes, section 235A.15 cloaks information in the registry with confidentiality and provides a list of persons who are authorized limited access to that information. Dissemination or redissemination of that information by persons authorized to receive it is tightly restricted by Iowa Code section 235A.17. Section 235A.20, previously quoted, then provides civil remedies for persons aggrieved by violations of the statute. In only one previous case have we construed this statute, and there we decided only that section 235A.20 (1981) did not provide a statutory basis for a damage claim against the state under the doctrine of parens patriae. *See Rittscher v. State*, 352 N.W.2d 247, 251–52 (Iowa 1984).

The newspaper and Overby contend that the statute is inapplicable to them because plaintiff did not claim they were persons authorized to receive information from the registry within the meaning of sections 235A.15 and .17, therefore they could not be found liable for violating prohibitions against redissemination of that information. We believe defendants read plaintiff's petition too narrowly.

Paragraphs five and seven of plaintiff's petition were sufficient to place defendants in the category of persons who were authorized to receive but could not lawfully disseminate information obtained from the registry. For example, section 235A.15(f) provides that persons "conducting bona fide research on child abuse" are authorized to have limited access to information in the registry.

Paragraph five of the petition alleged that "defendants did unlawfully allow unauthorized access to child abuse information in violation of section 235A.15," an allegation suggesting that these defendants were persons authorized by that section to have access to the registry who had unlawfully permitted others access as well. Paragraph seven of plaintiff's petition alleged that defendants "did disseminate or redisseminate child abuse information in violation of section 235A.17," implying that when defendants published the report of child abuse they were persons to whom that section explicitly applied—persons "authorized to receive such information" who "shall not redisseminate such information."

We need not speculate as to what facts plaintiff may be able to prove in support of her statutory claim. Neither do we suggest how these statutory provisions, properly construed, would apply to facts the parties may prove. We have read the plaintiff's petition in a light most favorable to her, giving her the basis of all favorable inferences. Because plaintiff sufficiently alleged that these defendants were persons authorized to receive registry information who violated the statute's prohibition against dissemination, her petition was not vulnerable to their contention that the statute could not apply to them. Defendants have not argued that this application of the statute would be constitutionally infirm.

In affirming the denial of the defendants' motion to dismiss, we do not decide whether the district court correctly analyzed the elements of plaintiff's statutory damage claim. The district court suggested that these defendants might be held liable in damages for publishing information about child abuse regardless how that information came to their attention. Defendants persuasively argue that such a construction of the statute would be overly broad, ignoring its express language, and also would violate the guarantee of freedom of the press contained in the first and fourteenth amendments of the Constitution. Those issues cannot fairly be resolved until the facts have been more fully

developed in further district court proceedings.

### III. *The Grant of Injunctive Relief.*

Plaintiff predicated her right to injunctive relief solely on Iowa Code section 235A.20 (1983) which provided that "[a]ny aggrieved person may institute a civil action ... *to restrain the dissemination of child abuse information* in violation of this chapter...." (Emphasis added.) Even though section 235A.13(1) defined child abuse information as "data maintained by the registry in a manual or automated data storage system," plaintiff's petition requested that the court restrain the dissemination of information "pertaining to this lawsuit," not just information within the registry. Likewise, the restraining order which defendants here challenge targeted not just the defendants and information within the registry but also the clerk of court and information "concerning the filing of this petition."

Defendants have presented several reasons why the district court should have denied injunctive relief or written the restraining order more narrowly. We find one ground dispositive of this issue: the record discloses inadequate factual support for entry of the restraining order.

▮ Our review must necessarily be based upon the record made by the parties, and that record does not disclose what evidence, if any, was presented to the district court to support the grant of injunctive relief. Plaintiff, the party requesting the temporary injunction, had the burden to establish a factual basis for its issuance. Iowa R.App.P. 14(f)(5); *see* 7 J. Moore, Moore's Federal Practice ¶ 65.04(4), at 65–65 (2d ed.1985) ("[A preliminary] injunction should not be granted unless the movant has established a fairly reliable basis therefor.").

▮ The type of evidence which a court may properly consider in determining whether to grant an injunction depends on whether the injunctive relief requested is temporary or permanent in character. Under our procedural rules, permanent injunctions are those granted as part of a final judgment, while temporary injunctions are those granted at any prior stage of the proceedings. Iowa R.Civ.P. 320. A temporary injunction is a preventive remedy to maintain the status quo of the parties prior to final judgment and to protect the subject of the litigation. *Kent Products v. Hoegh,* 245 Iowa 205, 214, 61 N.W.2d 711, 716 (1953). The court may in any case require notice to the party sought to be enjoined and must provide for notice and hearing in those cases identified in Iowa Rule of Civil Procedure 326. Compare Fed.R.Civ.P. 65 (distinguishing between the "preliminary injunction" entered after notice to the adverse party and the "temporary restraining order" entered without notice and for a limited duration). *See generally* 7 J. Moore, *supra,* ch. 65.

▮ Rules of evidence are applied more strictly on final hearing of a cause than on an application for temporary injunction, when evidence that would not be competent to support a perpetual injunction may properly be considered. *See* Iowa R.Civ.P. 321 (affidavits may be considered in determining whether a temporary injunction may be allowed); Iowa R.Evid. 1101(a) (Iowa rules of evidence apply in all court proceedings except as otherwise provided by statute or court rules). *See generally* 1 J. Wigmore, Evidence § 4(4) at 42–45 (P. Tillers rev. ed. 1983); 42 Am.Jur.2d, *Injunctions* §§ 285–87 (1969); 43A C.J.S. *Injunctions* §§ 211–17 (1978). This relaxation of the rules of evidence, however, does not permit a court to issue a temporary injunction solely on the basis of the allegations contained in an unverified petition. *See Morris v. Chicago Housing Authority,* 500 F.Supp. 763, 765 (N.D.Ill.1980) (refusing temporary injunction because plaintiffs offered no evidence connecting defendants with allegedly harmful activity); *Contemporary Interiors v. Four Marks, Inc.,* 384 So.2d 734, 735–36 (Fla. 4th Dist. Ct.App.1980) (temporary injunction dismissed in absence of evidence of irreparable harm); *Pickard v. Castillo,* 550 S.W.2d

107, 111 (Tex.Civ.App.1977) ("To authorize the issuance of a writ of temporary injunction, it was incumbent upon plaintiffs not only to plead facts which, if proved, would entitle them to injunctive relief, but to offer evidence at the hearing which would prove their probable right thereto on final hearing and of probable injury in the interim."); 43A C.J.S. *Injunctions* § 214, at 469 (unverified pleading, standing alone, is not sufficient evidence to authorize an interlocutory or temporary injunction).

The issuance or refusal to issue a temporary injunction rests largely in the sound discretion of the trial court, and we will not ordinarily interfere with such ruling unless there is an abuse of discretion or a violation of some principle of equity. *Iowa State Department of Health v. Hertko*, 282 N.W.2d 744, 751 (Iowa 1979). To exercise its discretion, however, the district court must have before it some evidence—an affidavit or sworn testimony or their equivalent—on which it may ascertain the circumstances confronting the parties and balance the harm that a temporary injunction may prevent against the harm that may result from its issuance. Iowa R.Civ.P. 80(b) ("[A]ny pleading seeking interlocutory relief, shall contain affidavit of the person or persons knowing the facts requisite to such relief."); *see* O. Fiss & D. Rendleman, Injunctions 343–44 (2d ed.1984) (suggesting factors to be considered by court in exercising its discretion to grant or deny a temporary injunction).

We have repeatedly emphasized that the issuance or refusal of a temporary injunction is a delicate matter—an exercise of judicial power which requires great caution, deliberation, and sound discretion. *Hertko*, 282 N.W.2d at 751; *Kent Products*, 245 Iowa at 211–12, 61 N.W.2d at 714–15. The injunctive relief plaintiff requested in this case, prior restraint on publication of information about the lawsuit, raised particularly sensitive first amendment issues. Any prior restraint on expression comes to an appellate court with a heavy presumption against its constitutional validity. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 1578, 29 L.Ed.2d 1, 5 (1971). Such a prior restraint is "one of the most extraordinary remedies known to our jurisprudence." *Nebraska Press Association v. Stuart*, 427 U.S. 539, 562, 96 S.Ct. 2791, 2804, 49 L.Ed.2d 683, 699 (1976). An instructive case is *Des Moines Register & Tribune Co. v. Osmundson*, 248 N.W.2d 493 (Iowa 1976), where we held unconstitutional an order restraining the press from publishing the names of jurors in a criminal trial, stating:

It is an open question whether a court may ever enjoin the press, in advance of publication, from reporting or commenting on pending judicial proceedings. No such restraint has yet been sustained by the Supreme Court. In examining such restraints that Court has applied the standard posited by Learned Hand in *United States v. Dennis*, 183 F.2d 201, 212 (2 Cir.1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). The question is whether the gravity of the evil, discounted by its improbability, justifies such invasion of freedom of the press as is necessary to avoid the danger. The question must be answered by examination of the evidence before the trial judge when the order was entered.

*Id.* at 499.

We must reverse the trial court's grant of injunctive relief in this case because the record does not show that plaintiff met her burden to present evidence supporting the drastic injunctive relief she obtained, a restraining order which has denied the public access to any information about the civil action she has filed in district court. Neither has plaintiff cited any legal authorities which suggest that this prior restraint was warranted.

In the absence of a factual record we may not properly address the other issues which the newspaper and Overby have raised in attacking the issuance and scope of the temporary injunction entered by the district court. We do not intimate any view on those issues. We must, however, reverse the grant of injunctive relief, be-

cause the record which is before us on this interlocutory appeal contains no factual support for that part of the district court's order.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.