AMERICAN NATIONAL
BANK, Appellant,

v.

Harry SIVERS, Harold Spencer,
Warren White and John
Shonsey, Appellees.

and

Oakland Savings Bank and Federal
Deposit Insurance Corporation,
Defendants.

No. 85–1221.

Supreme Court of Iowa.

May 21, 1986.

James T. Gleason, Donald T. Steege, Robert J. Kirby and Robert J. Becker of Swarr, May, Smith & Andersen, P.C., Omaha, Neb., for appellant.

Robert Schell, Council Bluffs, and Craig A. Knickrehm, Omaha, Nebraska, for appellee Federal Deposit Ins. Corp.

Dennis Leu of The Peters Law Firm, P.C., Council Bluffs, for appellee Harry Sivers.

Curtis Hewett of Smith, Peterson, Beckman & Willson, Council Bluffs and James D. Sulhoff of Rock & Sulhoff, Avoca, for appellee Harold Spencer.

Jack W. Peters of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for deceased appellee Warren L. White.

David S. Houghton and C.L. Robinson of Fitzgerald & Brown, Omaha, Neb., and John P. Churchman, Council Bluffs, for appellee John Shonsey.

Considered by REYNOLDSON, C.J., and HARRIS, CARTER, WOLLE, and LAVORATO, JJ.

PER CURIAM.

The plaintiff, American National Bank (American), a participant with the defendant, Oakland Savings Bank (Oakland), in a loan arrangment with a defaulting borrower, appeals from district court order dis-

missing its claims against the directors of Oakland. The Oakland directors have been made codefendants with that bank in an action seeking damages for misrepresentation and negligence of Oakland in the handling of the loans on behalf of American. The Federal Deposit Insurance Corporation is also joined as a defendant in the action. It is alleged that it assumed control of Oakland after that bank had been placed in receivership.

The gravamen of the claims against Oakland is that Ronald Wright, its executive vice president, arranged for American, a St. Joseph, Missouri bank, to participate with Oakland in a $500,000 loan to Charles T. Gross. It is alleged that, in the handling of the loan transaction, including the arranging of adequate collateral for the loan, Wright made misrepresentations to American concerning the financial status of Gross and the value of his collateral which caused financial loss to American.

It is further alleged by American in paragraph twenty-two of the petition that the defendants, Sivers, Spencer and White, as directors of Oakland, "were, or should have been in the exercise of reasonable care, aware of the inaccuracies and misrepresentations made by Wright ... and failed to disclose the same to the plaintiff." The defendant directors each filed a motion to dismiss the claims against them under Iowa Rule of Civil Procedure 104(b), asserting that the petition failed to state a claim upon which any relief could be granted. The district court sustained these motions as to each of the directors without setting forth its reasoning.

On appeal, American urges that the allegations in its petition suggest that Oakland's directors were aware of misrepresentations made to American by Wright, a circumstance which dictated that they take some action to prevent the injury which occurred to American as a result thereof. For purposes of determining whether a petition fails to state a claim on which any

relief can be granted, the test is that which is summarized in *Citizens for Washington Square v. City of Davenport,* 277 N.W.2d 882, 883–84 (Iowa 1979):

> A motion to dismiss grounded on failure to state a claim "is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted." Also, "[i]n making this determination the pleading should be construed in the light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true."

*Id.* (quoting *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977)). *See also Kleman v. Charles City Police Department,* 373 N.W.2d 90, 93 (Iowa 1985).

In arguing this issue in the present case, American asserts that Iowa Code section 524.604, enacted in 1969, extends the duties and obligations of bank directors beyond that which had been recognized under prior law. The defendant directors respond that this statute only codifies the prior law (under which they claim they could not be held liable) and, in any event, is aimed at protecting the bank and its depositors from director malfeasance rather than third parties. The identity of those to whom bank directors owe their fidelity under current banking laws is considered in *Countryman v. Mt. Pleasant Bank & Trust Co.,* 357 N.W.2d 599, 605–06 (Iowa 1984).

In deciding the present appeal, we need not determine whether section 524.604 extends the liability of bank directors beyond that which existed prior to its enactment. The allegations of the petition in the present case are sufficient to assert actual knowledge on the part of the defendant directors of actionable misrepresentations by Ronald Wright and their subsequent failure to disclose the true facts to American or to otherwise act to protect it from injury.[1] We believe these allegations state

---

1. That portion of *Cornick v. Weir,* 212 Iowa 715, 237 N.W. 245 (1931) holding that allegations that a defendant knew or should have known

certain facts must be considered as alleging only that the defendant should have known

a claim upon which relief can be granted under the law applicable to bank directors prior to the enactment of section 524.604. *See Proksch v. Bettendorf,* 218 Iowa 1376, 1379, 257 N.W. 383, 384 (1934); *Cornick v. Weir,* 212 Iowa 715, 724–26, 237 N.W. 245, 249–50 (1931). The appellees do not contend that the enactment of section 524.604 in any way diminished the potential liability of bank directors beyond that provided in the cited cases. They only urge that the statute did not extend bank director liability further than recognized in the *Proksch* or *Cornick* cases.

The cited decisions recognize that a bank director may be held liable to a bank creditor for malfeasance or misfeasance but not for nonfeasance. If the evidence shows that the defendant directors knowingly permitted American to be deceived, some legal liability might be visited on them for its resulting losses. We, of course, make no suggestion that this is what actually occurred. It is simply a scenario which might be established within the allegations of the petition.

This is another in a series of cases which illustrate the ineffectiveness of motions under rule 104(b) for purposes of disposing of actions without trial. Since the advent of notice pleading under Iowa Rule of Civil Procedure 69(a), it is a rare case which will not survive a rule 104(b) motion. As a result, disposition of unmeritorious claims in advance of trial must now ordinarily be accomplished by other pretrial procedures which permit narrowing of the issues and piercing of the bare allegations contained in the petition. We conclude that the order of the district court must be reversed and the action remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

such facts has no applicability under our

present rules of notice pleading.