# IN THE COURT OF APPEALS OF IOWA

No. 13-1269
Filed July 9, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TROY DANIEL DOWELL,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

    A defendant appeals a district court order extending a no-contact order.

**AFFIRMED.**

    John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.

    Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, P.J.**

Troy Dowell appeals the extension of a no-contact order. Prior opinions of this court summarize the background facts and early proceedings. *See In re Marriage of Dowell*, No. 13-1281, 2014 WL 6977108, at *1-2 (Iowa Ct. App. Dec. 10, 2014) *and Crabb v. Iowa Dist. Ct.*, No. 13-0814, 2014 WL 5243337, *1-3 (Iowa Ct. App. Oct. 15, 2014). The facts pertinent to this appeal are as follows.

Dowell, who has three children, was convicted of several crimes, including neglect of a dependent. The district court entered a sentencing no-contact order restraining Dowell from having any contact with his children. The order was to remain in effect until July 15, 2013. Meanwhile, Dowell and his wife divorced, Dowell's wife was granted sole custody of the children, and she moved to Australia.

A day before the no-contact order was slated to expire, the State filed a motion to extend it. *See* Iowa Code § 664A.8 (2013). At a hearing on the motion, the State offered a report prepared by a psychologist who met with the children. Dowell's attorney stated he had no objection to the exhibit.

The district court extended the no-contact order for an additional five years after concluding Dowell failed to carry his burden "to establish he no longer poses a threat to the victims." Dowell appeals, raising several challenges to the extension. The State preliminarily counters with a request to dismiss the appeal. We will begin there.

### I. Dismissal of Appeal

The State asserts the extension order was "only an auxiliary order modifying the previously entered final judgment—it was not a final judgment on

its own." *See* Iowa Code § 814.6(1)(a) (affording right of appeal from final judgment). We need not address whether the order was a final judgment because the State later concedes we may treat Dowell's notice of appeal as an application for discretionary review. *See id.* § 814.6(2)(e) (authorizing discretionary review of "[a]n order raising a question of law important to the judiciary and the profession"). The State nonetheless asserts we should deny the application for failure to satisfy the "importance" standard.

We have analogized orders entered under chapter 664A to temporary injunctions and have stated temporary injunctions "usually deprive the unsuccessful party of some right which cannot be protected by an appeal from the final judgment." *See State v. Olney*, No. 13-1063, 2014 WL 2884869, at *3 n.2 (Iowa Ct. App. June 25, 2014) (*citing Wolf v. Lutheran Mut. Life Ins. Co.*, 18 N.W.2d 804, 810 (Iowa 1945)). Given the serious interest at stake in a five-year extension of an order prohibiting contact with one's children, we treat Dowell's notice of appeal as an application for discretionary review and grant the application.

## II.    *Subject Matter Jurisdiction*

Dowell argues, because his ex-wife and children no longer live in Iowa, the district court lacked subject matter jurisdiction "to enter an order protecting them." We disagree. A legislative enactment confers subject matter jurisdiction on the courts. *State v. Wiederien*, 709 N.W.2d 538, 540 (Iowa 2006). In this case, the legislature granted the district court subject matter jurisdiction to extend the no-contact order. *See* Iowa Code § 664A.8.

To the extent Dowell's argument implicates the doctrine of personal jurisdiction rather than subject matter jurisdiction, we are similarly unpersuaded this doctrine forecloses the entry of a protective order. Because the district court had personal jurisdiction over Dowell, the court was empowered to prohibit him from contacting his ex-wife even if the court lacked personal jurisdiction over Dowell's ex-wife. *See generally Bartsch v. Bartsch*, 636 N.W.2d 3, 8-10 (Iowa 2001) (holding that divorces and protective orders are "status determinations," excepted from personal jurisdiction requirements); *In re Marriage of Kimura*, 471 N.W.2d 869, 875 (Iowa 1991) (holding even when court lacks personal jurisdiction over absent spouse it retains "jurisdiction to grant a divorce to one domiciled in the state but no jurisdiction to adjudicate the incidents of the marriage, for example, alimony and property division").

### III.     *Sufficiency of the Evidence*

Iowa Code section 664A.8 provides:

> Upon the filing of an application by the state or by the victim of any public offense referred to in section 664A.2, subsection 1 which is filed within ninety days prior to the expiration of a modified no-contact order, the court shall modify and extend the no-contact order for an additional period of five years, *unless the court finds that the defendant no longer poses a threat to the safety of the victim, persons residing with the victim, or members of the victim's family.* The number of modifications extending the no-contact order permitted by this section is not limited.

(Emphasis added.) Dowell contends the evidence was insufficient to establish he continues to pose a threat to the safety of his children. He concedes the

burden of proof rested with him but cites to undisputed evidence of the children's residence in Australia and his residence in an Iowa prison.[1]

The district court acknowledged the absence of a "threat of direct physical harm" but stated Dowell "failed to present sufficient evidence to demonstrate that [] there would not be any emotional or psychological harm." The record supports this determination. The psychologist who evaluated the children opined the children "would suffer significant trauma at being forced to resume contact with their biological father at this time. . . . [S]uch contact would be detrimental to their mental health unless circumstances have changed significantly and they were given meaningful assurances regarding their safety." As noted, Dowell did not object to this evidence.

While Dowell contends he is hard-pressed to meet his burden as long as he is prohibited from having contact with the children, the existing no-contact order did not prevent him from showing he was a changed man. Dowell only presented certificates verifying completion of a prison chemical-dependency program and a work readiness program. His remaining evidence was either dated or recapitulated the reasons for issuance of the original no-contact order. On this record, we conclude the district court did not err in finding a failure of proof by Dowell. *See* Iowa Code § 664A.8 (stating the court "shall" extend the

---

[1] Iowa Code section 664A.8 does not explicitly assign the burden of proof to the defendant. However, in this proceeding, all concerned read the statute in this fashion. Absent an assignment of error on this point, we see no basis for deciding whether this allocation was appropriate. *See State v. Wiederein*, 708 N.W.2d 538, 542 (Iowa 2006) (noting legislature's failure to define burden of proof in analogous statute raised constitutional concerns).

no-contact order "unless the court finds the defendant no longer poses a threat to the safety of the victim").

### IV. Ineffective Assistance of Counsel

Dowell next contends his attorney was ineffective in failing to object to the admission of the psychologist's report. Dowell concedes he "was not facing a jail sentence at this hearing, so it is not immediately clear that his right to a court-appointed lawyer was implicated at all." He continues, "[t]here are no provisions of Iowa law that require the appointment of counsel at a hearing that is solely about whether a no-contact order should be extended." *See State v. Dudley*, 766 N.W.2d 606, 617 (Iowa 2009) ("Without a right to counsel, [a defendant] also has no commensurate right to effective assistance from that counsel."). Given these concessions, we decline to address Dowell's proposed procedures and remedies for addressing omissions in counsel's performance.

Dowell also asserts he did not receive notice of the hearing on the motion to extend. While he raises this issue under an ineffective-assistance-of-counsel rubric, we address it directly. Suffice it to say the record establishes otherwise.

### V. Remaining Arguments

Dowell raises several additional arguments. These arguments are unpreserved, unsupported by authority, or unrelated to the issue raised in the motion for extension of the no-contact order. Accordingly, we decline to address them.

We affirm the district court's extension of the no-contact order.

**AFFIRMED.**

Scott, S.J., concurs; Tabor, J., dissents.

**TABOR, J.** (dissenting in part)

Respectfully, I dissent in part. I believe we should reach the merits of Dowell's ineffective-assistance-of-counsel claim. A public defender represented Dowell at the July 2, 2013 hearing on extending the no-contact order. In my view, that representation was appropriate because the hearing under section 664A.8 was a critical stage of the criminal proceedings. *See* Iowa Code § 664A.1(1) (defining "no-contact order" as "court order issued in criminal proceeding").

In all criminal prosecutions, the accused enjoys the right to have the assistance of counsel for his defense. U.S. Const. amend. VI; Iowa Const., art. I, § 10. The right to counsel attaches in a criminal prosecution after the initiation of adversarial judicial proceedings. *Kirby v. Illinois*, 406 U.S. 682, 689–90 (1972). Once attachment occurs, the accused is entitled to counsel during any "critical stage" of the post-attachment proceedings; "what makes a stage critical is what shows the need for counsel's presence." *Rothgery v. Gillespie Cnty*, 554 U.S. 191, 212 (2008). Case law defines critical stages as proceedings between the defendant and state agents that amount to "trial-like confrontations" at which counsel would be helpful to the defendant in "coping with legal problems" or "meeting his adversary." *Id.* at 212 n.16.

Sentencing is a critical stage of the criminal process. *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007). Even a post-sentencing hearing may be a critical stage of the criminal proceedings. *See State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996) (determining restitution hearing *after sentencing* at which the State has compiled statement of pecuniary damages under Iowa Code section 910.3

was critical stage); *see also People v. Williams*, 833 N.E.2d 10, 16 (Ill. App. Ct. 2005) (finding that hearing on motion to reconsider sentence was critical stage). A relevant consideration for whether a stage is "critical" is whether the defendant may lose certain rights if they are not exercised at that stage. *Mempa v. Rhay*, 389 U.S. 128, 135 (1967).

Given these considerations, I would conclude the extension of a criminal no-contact order is a critical stage of Dowell's criminal proceedings requiring assistance of counsel. In 2008, Dowell faced an eight-count trial information, including three counts of child endangerment and three counts of neglect of dependent persons. A June 2008 order of protection prevented him from interacting with his three children. In July 2008, Dowell entered an *Alford* plea to five counts, including the three neglect counts involving his children. He received an indeterminate prison term of twenty-one years, and the court extended the no-contact order until July 2013. Dowell unsuccessfully sought to modify the order in July 2010. In July 2013, the State sought to extend the no-contact order another five years under section 664A.8.

The State contends the extension of a no-contact order under section 664A.8 is akin to modifying a plan of restitution under Iowa Code section 910.7, where no right to counsel exists. I disagree. Proceedings under section 664A.8 are more similar to section 910.3 hearings, where the defendant has the right to counsel to contest the prosecutor's statement of pecuniary damages augmenting the original restitution order. *See Alspach*, 554 N.W.2d at 884 (supplements to the original sentence implicate right to counsel). The renewal of a no-contact order for five additional years under section 664A.8 imposes a supplemental

burden related to the defendant's original criminal sentence. *See Wiederien*, 709 N.W.2d at 542 (concluding predecessor to chapter 664A allowed court to extend a no-contact order upon a defendant's conviction, but not upon acquittal). It does not merely modify the no-contact order originally imposed. *See State v. Wentland*, No. 11-1266, 2013 WL 105340, at *8-9 (Iowa Ct. App. Jan. 9, 2013) (finding no right to counsel when defendant seeks to eliminate a no-contact condition of probation).

I realize our court has labeled a no-contact order as "civil in nature" for *ex post facto* purposes. *State v. Roby*, No. 05–0630, 2006 WL 2706124, at *3 (Iowa Ct. App. Sept. 21, 2006). But that label is not controlling in this case where we are analyzing whether the hearing to extend the no-contact order is a critical stage of the criminal proceedings. A consequence may be civil rather than punitive in nature, but if it is imposed during criminal proceedings, then Sixth Amendment safeguards apply. *See Janvier v. United States*, 793 F.2d 449, 455 (2d Cir. 1986) (judge's recommendation against deportation under 8 U.S.C.A § 1251(b) is part of sentencing process and therefore a critical stage of the prosecution, despite fact that deportation is a civil proceeding). Although restitution is not punitive in nature for ex post facto purposes (*State v. Allen*, No. 13-0318, 2015 WL 161824, at *4 (Iowa Ct. App. Jan. 14, 2015)), if it is imposed as a part of the original or supplemental sentencing order, it implicates the right to counsel. *See State v. Blank*, 570 N.W.2d 924, 926-27 (Iowa 1997).

We must consider whether the hearing under section 664A.8 was a "trial-like confrontation" at which Dowell needed counsel to help him in "coping with legal problems" or "meeting his adversary" and whether Dowell would lose

certain rights if he did not exercise them at that stage. Section 664A.8 allows either the victim or the State to seek an extension of the no-contact order. *See Ostergren v. Iowa Dist. Ct.*, 863 N.W.2d 294, 299 (Iowa 2015) (noting purpose of provision was "to grant the court express authority to extend the duration of no-contact orders when the circumstances require continuing protection"). In this case, the State filed the motion and advocated for the extension at the July 2, 2013 hearing. Despite the fact that it was the movant, the State successfully argued the burden was on Dowell to show he no longer posed a threat to his children. *But see Wilker v. Wilker*, 630 N.W.2d 590, 596 (Iowa 2001) (placing burden of proof on party seeking protection under Iowa Code section 235.5(2)). If Dowell could not satisfy that burden, he would be prohibited from contacting his children for another five years. In this adversarial setting, where the defendant faced a considerable loss of rights, the assistance of counsel was crucial to Dowell's ability to prove he no longer presented a danger to the victims of his crime. Accordingly, I would find the no-contact order extension hearing was a critical stage of the criminal prosecution at which Dowell had a right to the assistance of counsel.

But even if Dowell was not entitled to court-appointed counsel in this case, the fact is the district court did afford him a public defender at the extension hearing. Once counsel was assigned by the court to represent him, Dowell had the right to effective assistance of this counsel. *See Patchette v. State*, 374 N.W.2d 397, 399 (Iowa 1985) ("It would seem to be an empty gesture to provide counsel without any implied requirement of effectiveness."). It is fundamentally unfair to provide counsel to an indigent defendant but not require that counsel to

perform competently.  *See Lozada v. Warden*, 613 A.2d 818, 821 (Conn. 1992) ("It would be absurd to have the right to appointed counsel who is not required to be competent.").

To prevail on a claim of ineffective assistance of counsel, Dowell must show that counsel both failed to perform an essential duty and prejudice resulted. *See State v. Ross*, 845 N.W.2d 692, 697-98 (Iowa 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  The prejudice prong requires proof by a reasonable probability the result of the proceeding would have differed but for counsel's errors.  *See Strickland*, 466 U.S. at 694.

Turning to the merits of Dowell's ineffective-assistance-of-counsel claim, I believe counsel had a duty to object to State's Exhibit 1, a three-page report purported to be from the children's psychologist in Australia.  The psychologist opined: "[T]he girls would suffer significant trauma at being forced to resume contact with their biological father at this time."  The psychologist did not offer evidence in support of her conclusion in the report.  After the State introduced the exhibit, Dowell's defense counsel did no more than ask the court "to just keep in mind that from this document, it's not exactly clear . . . what documentation was provided to this counselor."  Counsel did not challenge the document on grounds of authentication, foundation, or hearsay.  Moreover, counsel did not seek to depose the counselor or to ensure she appeared as a witness.

I also would find counsel's omissions resulted in prejudice to Dowell.  In the ruling extending the no-contact order, the district court relied on the report from the Australian psychologist, noting it was "uncontroverted by any

professional testimony." The court then found Dowell had not carried his burden to establish he no longer posed a threat to his children.

The State argues because the rules of evidence do not apply to sentencing proceedings under Iowa Rule of Evidence 5.1101(c)(4), and because the extension of the no-contact order was auxiliary to the sentencing, the rules of evidence did not apply at the July 2, 2013 hearing. If the rules of evidence did not apply, under the State's reasoning, defense counsel did not breach an essential duty in failing to object. The State analogizes to the relaxed evidentiary standard for determining restitution. *See State v. Edouard*, 854 N.W.2d 421, 450 (Iowa 2014).

I would distinguish a no-contact order extension hearing under section 664A.8 from sentencing and restitution hearings. The foreclosure of the defendant's association with the victims, especially in this case where the victims are his own children, implicates liberty interests not at stake in a discussion of pecuniary damages. *Cf. Ostergren*, 863 N.W.2d at 298 (noting "important liberty interests" of protected persons because they may be held in contempt and jailed for aiding and abetting defendant's violation of no-contact order); *see State v. Ness*, 819 N.W.2d 219, 225 (Minn. Ct. App. 2012) (finding domestic abuse protective order implicates a protected liberty interest by ordering defendant to have no contact with a family member).

Moreover, our court has compared no-contact orders under chapter 664A to injunctions. *Olney*, 2014 WL 2884869, at *3. The rules of evidence apply "more strictly" in hearings to determine a permanent injunction, than on an application for temporary injunction. *See Kleman v. Charles City Police Dep't*,

373 N.W.2d 90, 95 (Iowa 1985). But even this relaxation of the rules of evidence "does not permit a court to issue a temporary injunction solely on the basis of the allegations contained in an unverified petition." *Id.* In this case, the psychologist's report was little more than unverified allegations, not tested by Dowell's defense counsel.

Because counsel provided ineffective assistance, I would reverse the ruling extending the no-contact order and remand for an evidentiary hearing on the State's motion. At that hearing, I believe Dowell would be entitled to the effective assistance of counsel.