**Russell LANDES, Appellant,**

v.

**WOMEN'S CHRISTIAN ASSOCIATION d/b/a Jennie Edmundson Memorial Hospital, Appellee.**

**No. 92–219.**

Court of Appeals of Iowa.

May 25, 1993.

Richard A. Bartolomei of Bartolomei & Lange, Des Moines, for appellant.

Joseph F. Bataillon and Edward F. Noethe of Sodoro, Daly & Sodoro, Omaha, NE, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

On October 7, 1988, Russell Landes entered Jennie Edmundson Memorial Hospital in Council Bluffs for the purpose of outpatient arthroscopic surgery on his right knee. Landes underwent surgery at or about 8:30 a.m. Anesthetic agents were administered. Landes remained in the recovery room until approximately 10:35 a.m. Landes was then released to postoperative accommodations. At about 12:15 p.m., a nurse took Landes to the bathroom, but left him alone there. Landes fell while in the bathroom.

On September 13, 1990, Landes filed a petition against the Women's Christian Association, doing business as Jennie Edmundson Memorial Hospital. He alleged the hospital negligently and carelessly failed to observe him and protect him until the effects of the anesthetic and surgery had worn off and the hospital negligently and carelessly failed to provide an attendant to prevent him from falling. He claimed he suffered severe and permanent injuries, including a head injury, due to the hospital's negligence.

On October 10, 1990, the hospital served Landes with interrogatories. He filed his answers on January 22, 1991. In response to interrogatory 3, which asked him to iden-

tify his expert witnesses, Landes stated, "As of this time, the only expert witnesses that plaintiff intends to call would be medical doctors who have been plaintiff's treating and attending physicians." Landes identified his treating physicians in answers to interrogatories 10 and 12. Landes did not subsequently supplement his answers to specifically designate anyone as an expert witness.

Landes served the hospital with interrogatories on January 10, 1991. The hospital answered on February 28, 1991. The hospital's answers specifically referred to Landes' medical records and the records were attached to the answers. However, the medical records were not submitted to the court.

On October 2, 1991, the hospital filed a motion for summary judgment. The hospital also filed an affidavit of Rhonda Purdy, who was Landes' treating nurse. Purdy attested she met or exceeded the applicable standard of care. In its brief, the hospital argued Landes was precluded from producing expert witnesses because he failed to designate an expert within 180 days of its answer, as required by Iowa Code section 668.11. The hospital argued Landes was thus barred from disputing the hospital had met the applicable standard of care.

On October 4, 1991, Landes' attorney filed a motion for stay of summary proceeding and motion to withdraw as counsel. The district court sustained the motion to withdraw and rescheduled the hearing on the motion for summary judgment until November 26, 1991. On November 26, 1991, Landes appeared pro se and the district court continued the hearing, over the hospital's objection, until December 30, 1991.

On December 30, 1991, a hearing was held on the motion for summary judgment. Landes failed to appear. The district court entered its order on January 2, 1992. The court found no genuine issue of material fact existed and the hospital was entitled to judgment as a matter of law. The court sustained the hospital's motion for summary judgment and dismissed the case with prejudice.

Landes subsequently obtained counsel and filed a notice of appeal on February 3, 1992.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4.

I. Landes contends the district court should not have granted summary judgment in this case. He states expert testimony is not required to establish negligence in the exercise of routine care by a hospital, and therefore, summary judgment for failure to designate an expert was improper.

■ Landes relies upon *Kastler v. Iowa Methodist Hospital*, 193 N.W.2d 98 (Iowa 1971). In *Kastler*, the plaintiff was subject to fainting spells, and had discussed her problem with hospital personnel. *Id.* at 100. However, an aide sent Kastler into a shower room alone, where she fell and injured herself. *Id.* The court found the hospital's activity in giving showers to patients was not professional activity. *Id.* at 102. The proper standard of care for nonmedical, administrative, ministerial, or routine care by hospitals is such reasonable care as the patient's known mental or physical condition may require. *Id.* Expert testimony is not required to prove this standard of care. *Id.*

Also, in *Cockerton v. Mercy Hospital Medical Center*, 490 N.W.2d 856, 858 (Iowa App.1992), a plaintiff alleged injuries due to a fall when she was left unattended by hospital personnel while having x-rays. We found the action involved routine, nonmedical care by the hospital, and not professional conduct. *Id.* at 859. We concluded expert testimony was unnecessary to establish the standard of care. *Id.*

■ We determine Landes' petition does not allege medical malpractice or professional activity by the hospital. The hospital's activity here, taking plaintiff to the bathroom, was nonmedical or routine. Thus, as in *Kastler* and *Cockerton*, the applicable standard is such reasonable care as Landes' known mental or physical condition may have required. Landes is not

required to introduce expert testimony to prove his case.

 Summary judgment is seldom appropriate in a negligence case. *Daboll v. Hoden*, 222 N.W.2d 727, 733 (Iowa 1974). Summary judgment may be appropriate in an instance in which expert testimony is required to establish negligence, and expert testimony is unavailable, because there is then no genuine issue of fact which can be proved. *Farley v. Ginther*, 450 N.W.2d 853, 857 (Iowa 1990); *Donovan v. State*, 445 N.W.2d 763, 767 (Iowa 1989).

We conclude summary judgment was inappropriate here. Even though expert testimony may have been unavailable to Landes, he was not required to present expert testimony in order to establish negligence. The hospital was required to show there were no genuine issues of material fact and it was entitled to judgment as a matter of law. *See Hoefer v. Wisconsin Educ. Ass'n Ins. Trust*, 470 N.W.2d 336, 338 (Iowa 1991). We hold it has failed to meet its burden. We reverse the grant of summary judgment.

 II. Landes also claimed section 668.11 was not applicable in this case. Section 668.11 applies to professional liability cases brought against a licensed professional. In addition to claiming this was not a professional liability action, Landes claims the hospital was not a "licensed professional" within the meaning of the statute. Because this question will likely rise again in this case, we address it now.

We have already determined this action is not a professional liability action under the rule found in *Kastler*. 193 N.W.2d at 102. Landes' action is based on nonmedical, routine care by the hospital. We determine section 668.11 does not apply in this case.

III. As noted above, the hospital specifically referred to Landes' medical records in its answers to interrogatories. However, the medical records were not included in the court file. Landes filed a supplemental appendix which contained copies of the medical records.

The hospital claimed under Iowa Rule of Appellate Procedure 10(b), the supplemental appendix should not be considered part of the record on appeal. We make no finding on this point because we were able to decide the case without reference to the supplemental appendix.

 However, we determine the cost of the supplemental appendix should be assessed to the hospital. In filing its motion for summary judgment, and thus asking the court to make a decision on the pleadings, answers to interrogatories, and affidavits, the hospital should have made sure all attachments to its answers to interrogatories were included in the court file.

IV. We make no findings as to whether Landes may still designate an expert under the rules of civil procedure. We have only determined the designation of an expert is not essential to his case. We have reversed the grant of summary judgment and remand to the district court for further proceedings. Costs of this appeal, including the cost of the supplemental appendix, are assessed to defendant hospital.

**REVERSED AND REMANDED.**