# IN THE COURT OF APPEALS OF IOWA

No. 20-1228
Filed November 3, 2021

**JACQUELINE STRUCK,**
        Plaintiff-Appellant,

**vs.**

**MERCY HEALTH SERVICES, IOWA CORP. a/k/a MERCY MEDICAL CENTER, SIOUX CITY, RODNEY J. DEAN, M.D., ALBERT OKINE, P.A., and EILEEN MIDDLETON, P.A.,**
        Defendants-Appellees,

**and**

**JEREMY J. VANDE ZANDE, M.D. and ROBBIE L. ROBINSON, NP,**
        Defendants.
_____

        Appeal from the Iowa District Court for Woodbury County, Zachary Hindman, Judge.

        Jacqueline Struck appeals the dismissal of her personal injury action. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

        Thomp J. Pattermann of Law Office of Gallner & Pattermann, P.C., Council Bluffs, for appellant.

        Frederick T. Harris of Lamson Dugan & Murray, LLP, Omaha, Nebraska, for appellee Mercy Health Services-Iowa Corp. Sioux City a/k/a Mercy Medical Center.

John C. Gray of Heidman Law Firm, P.L.L.C., Sioux City, for appellees Rodney J. Dean, M.D., Albert Okine, P.A., and Eileen Middleton, P.A.

Heard by Bower, C.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Jacqueline Struck appeals the district court's order granting the defendants' motions to dismiss her personal injury action for failure to file expert witness certificate of merit affidavits pursuant to Iowa Code section 147.140 (2020). Struck challenges the court's determination that expert testimony was necessary to establish a prima facie case for "all [her] claims." Upon our review, we agree the petition is broad enough to encompass ordinary negligence claims against Mercy Medical Center (Mercy) not requiring a certificate of merit affidavit, and such claims should not have been dismissed. Thus, we affirm in part, reverse in part, and remand.

## I.    *Background Facts and Proceedings*

In January 2018, Struck was a patient at Mercy when she "fell" and sustained injuries. Two years later, Struck initiated this action against Mercy and various medical professionals (physician Rodney Dean[1]; physician assistants Albert Okine and Eileen Middleton; and nurse practitioner Robbie Robinson) employed by Mercy, for damages arising from the fall, claiming she was improperly medicated and supervised. The defendants moved to dismiss Struck's claims for failure to file a certificate of merit affidavit as required by Iowa Code section 147.140. Struck resisted and requested an extension of the deadline. Following a hearing, the district court entered an order dismissing Struck's petition with prejudice. Struck appeals.

---

[1] Struck also named physician Jeremy Vande Zande as a defendant, but she later dismissed her claims against Dr. Vande Zande.

## II.    *Standard of Review*

We review dismissals for correction of legal error.  *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020).  In doing so, we accept as true the factual allegations set forth in the petition but not its legal conclusions.  *See id.*  A motion to dismiss is granted only when there are no conceivable state of facts under which the nonmoving party would be entitled to relief.  *Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 565 (Iowa 2018).  We also review questions of statutory interpretation for correction of legal error.  *Doe v. State*, 943 N.W.2d 608, 609 (Iowa 2020).

## III.    *Analysis*

Iowa Code section 147.140 requires a plaintiff who alleges "personal injury or wrongful death against a health care provider based upon the alleged negligence in the practice of that profession or occupation or in patient care, which includes a cause of action for which expert testimony is necessary to establish a prima facie case," to file within sixty days of the defendant's answer "a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care."  Iowa Code § 147.140(1)(a).  Failure to substantially comply with this requirement "shall" lead to "dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case."  *Id.* § 147.140(6).

On appeal, Struck challenges the court's finding that all her "possible negligence claims" "relied upon professional negligence."  In other words, Struck

contends the court's ruling "incorrectly presupposes" that all her claims required expert testimony to establish a prima facie case.

Struck's petition alleged: "Defendant Mercy Medical Center was negligent in hiring and retaining Rodney Dean, MD, Albert Okine, PA, Robbie Robinson, NP and Eileen Middleton, PA and non-party staff who were individually and jointly responsible for her care and treatment"; "The professional negligence of [the Defendants] was a violation of an acceptable standard of care"; and "As a direct and proximal result of the negligence of the Defendants, . . . the Plaintiff subsequently suffered and suffers from injuries and damages associated with the aforementioned acts of negligence." At hearing on the defendants' motions to dismiss, Struck's counsel claimed a certificate of merit affidavit was not required "on those claims, the ones regarding negligence," arguing they "would not be normally the opinion of an expert."

The district court determined that a certificate of merit affidavit was required with regard to both "categories" of claims raised in Struck's petition, those with regard to all defendants (professional negligence) and those with regard to only Mercy (negligent hiring and retention). And because Struck failed to file a certificate of merit affidavit in support of her claims within sixty days after the

defendants filed answers,[2] the court concluded all of her claims should be dismissed with prejudice.

Our interpretation of section 147.140(1) requires "any action" that "includes a cause of action for which expert testimony is necessary to establish a prima facie case" is subject to the certificate-of-merit requirement. Struck concedes the court properly dismissed her professional negligence claims "for failure to substantially comply with [section] 147.140."[3] At oral argument, Struck acknowledged her only remaining viable claims are against Mercy, relating to ordinary negligence not requiring expert testimony.

Indeed, only a cause of action subject to the certificate-of-merit requirement is subject to dismissal as provided in Iowa Code section 147.140(6). The district court found, "[R]egardless of how Struck has chosen to label her claims against Defendant Mercy—as professional negligence through respondeat superior; as negligent hiring, or as negligent retention—all of her claims, given their factual bases, require application of the modified duty applicable to medical

---

[2] On appeal, Struck abandons her claim that the sixty days under section 147.140 was not triggered because not all the defendants had been served and filed answers.

[3] Upon our review, we conclude the district court correctly applied the law in concluding the requirements of section 147.140 applied to Struck's claims of professional negligence and that Struck failed to substantially comply with those requirements. We affirm the court's order granting the defendants' motions to dismiss the claims of professional negligence of the health care providers. *See Schmitt v. Floyd Valley Healthcare*, No. 20-0985, 2021 WL 3077022, at *3 (Iowa Ct. App. July 21, 20201); *McHugh v. Smith*, ___ N.W.2d ___, ___, 2021 WL 1016596, at *6 (Iowa Ct. App. 2021); *see also Schneider v. Jennie Edmundson Mem'l Hosp.*, No. 19-1642, 2021 WL 1016599, at *2–3 (Iowa Ct. App. Mar. 17, 2021) (discerning no abuse of discretion in the district court's refusal to find good cause to grant the plaintiff's motion for extension of time to file certificate of merit affidavit and affirming the dismissal of the plaintiff's case).

professionals." *Cf. Schmitt*, 2021 WL 3077022, at *2 ("The district court determined that all but one of the Schmitts' claims require expert witness testimony on the question of standard of care. And although it found that one claim arguably fell under the category of 'nonmedical, administrative, ministerial, or routine care' and for which the jurors were capable of comprehending and drawing correct conclusions about the standard of care . . . , the court held causation still required expert testimony. Despite the Schmitts' claims that the breach of the standard of care is so clear as to be obvious to a layperson, we find no error in the legal conclusion that expert witness testimony is necessary to establish a prima face case on each of the Schmitts' medical malpractice claims."). The district court determined a certificate of merit affidavit was required for Mercy because Struck sought to recover in an action (1) "for personal injury"; (2) "against a health care provider"[4]; (3) "based upon . . . alleged negligence in the practice of that . . . occupation"; and (4) that "includes a cause of action for which expert testimony is necessary to establish a prima facie case." *Accord* Iowa Code § 147.140(1)(a); *see* Uniform Jury Instruction No. 703.5 (setting forth the elements of a claim of negligent hiring as requiring in part that "[t]he (employee's) [incompetence] [unfitness] [dangerous characteristics] was a cause of damage to the Plaintiff"); *Godar v. Edwards*, 588 N.W.2d 701, 709 (Iowa 1999) (observing that a claim of negligent hiring "likewise includes an action for negligent retention and negligent supervision"); *see also Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393,

---

[4] *See* Iowa Code § 147.136A(1)(a) (defining health care provider).

402 (Iowa 2017) (noting that expert witness testimony is ordinarily required to establish the applicable standard of care and its breach).

A hospital may, however, face both claims of professional negligence and ordinary negligence. Iowa cases have noted the distinction and applicable standard of care, as aptly summarized in *Morton v. Fort Madison Community Hospital* as follows:

> When a hospital is sued for negligence in respect to its "professional activities" the standard of care is "the care which is exercised by hospitals generally." *Kastler v. Iowa Methodist Hosp.*, 193 N.W.2d 98, 101 (Iowa 1971) (citing *Dickinson v. Mailliard*, 175 N.W.2d 588, 596 (Iowa 1970)). To establish the standard of care for professional activities, expert testimony is required. *Id.* at 102. The standard of care is different, however, when a negligence claim is based on the hospital's "nonmedical, administrative, ministerial, or routine care." *Id.* The applicable standard of care in these circumstances is "such reasonable care as the patient's known condition may require." *Id.* at 101. Expert testimony is unnecessary in these situations. *Id.* at 102.

No. 309CV00179HDVTJS, 2010 WL 11561523, at *2 (S.D. Iowa Sept. 22, 2010) (interpreting Iowa cases). Although subsequent to *Kastler*, our supreme court noted that although acts may "on the surface appear to have been ministerial and thus subject to a standard of proof not requiring expert testimony," "special circumstances" may require expert testimony. *Thompson v. Embassy Rehab. & Care Ctr.*, 604 N.W.2d 643, 646 (Iowa 2000).

Here, Struck argues that because her petition alleges "possible acts of general negligence," including premises liability and lack of supervision by non-professional staff of Mercy that would not require expert testimony, these claims

should not have been dismissed. Accordingly, we must consider the contents of the petition and the applicable principles.

In reviewing a petition, and in the absence of specific objection, it must be "liberally construed in order to effectuate justice and the pleader will be accorded the advantage of every reasonable intendment, even to implications necessarily inferred." *Wenndt v. LaTare*, 200 N.W.2d 862, 870 (Iowa 1968) (citing *Coleman v. Hall*, 161 N.W.2d 329, 332 (Iowa 1968)). "If the prima facie elements of the claim are stated, and this statement is fair notice to a defendant, the petition is sufficient." *Lamantia v. Sojka*, 298 N.W.2d 245, 247 (Iowa 1980). Iowa Rule of Civil Procedure 1.403(1) requires the petition to include "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought."

Moreover, our caselaw has long held that a petition is not required to identify a specific legal theory. *See Soike v. Evan Matthews and Co.*, 302 N.W.2d 841, 842 (Iowa 1981) (concluding that requiring a plaintiff to identify a specific legal theory is inconsistent with the concept of notice pleading). Our supreme court has also stated in reference to the advent of notice pleading, "disposition of unmeritorious claims in advance of trial must now ordinarily be accomplished by other pretrial procedures which permit narrowing of the issues and piercing of the bare allegations contained in the petition." *Haupt v. Miller*, 514 N.W.2d 905, 909 (Iowa 1994) (quoting *Am. Nat'l Bank v. Sivers*, 387 N.W.2d 138, 140 (Iowa 1986)).

Although many allegations in Struck's petition are couched in terms of professional duties and the breach of those duties, the well-pled facts reflect the incident that gives rise to her claim for relief. The petition first explains the injuries

arose from a "slip and fall" incident. Secondly, it alleges that while hospitalized, "Struck was suffering from dizziness and lightheadedness upon standing and fell and struck her chin on the floor resulting in a laceration." The petition further alleges that "[a]s a direct and proximate result of the negligence of the Defendants, Plaintiff Jacqueline Struck has sustained severe and permanent injuries." The petition also alleges negligence by "non-party staff." We conclude the petition's allegations provide fair notice of a claim or claims against the hospital in addition to the professional negligence claims against the medical professionals and constitute a plain statement that Struck is entitled to relief. The question thus becomes whether Struck's petition includes a claim or claims of ordinary negligence not requiring expert testimony.

We acknowledge a slip and fall in a hospital may be subject to a claim of either professional negligence or ordinary negligence. One court observed, "[t]he mere fact that a patient falls in a hospital will not normally determine whether expert testimony is called for in a given case. Some fall cases require expert testimony; others do not." *Washington Hosp. Ctr. v. Martin*, 454 A.2d 306, 309 (D.C. 1982). And as we have noted, our supreme court has concluded that special circumstances may exist that require expert testimony even though the acts may "on the surface appear to have been ministerial." *Thompson*, 604 N.W.2d at 646. The distinctions between the two in a hospital setting, and varied court decisions, were elaborated upon in a dissenting opinion in *Ditch v. Waynesboro Hospital*, 17 A.3d 310, 311 (Pa. 2011) (Todd, J., dissenting) (observing a "gray area of how to define the distinction between ordinary negligence and professional negligence in this context" of whether a certificate of merit must be filed, and opining that "a

cause of action based in ordinary negligence" would "not require[] a certificate of merit"). A review of Iowa appellate decisions provides additional examples of fact scenarios, some requiring expert testimony, and others that did not require expert testimony, for example *Kastler*, 193 N.W.2d at 101–02 (expert not required where patient who suffered from dizziness fell in the shower), and *Thompson*, 604 N.W.2d at 646 (expert required where patient suffered from bedsore for failure to properly position patient at care facility).[5]

Our legislature has adopted a method to quickly dismiss a claim of professional negligence or any claim requiring expert testimony to establish a prima facie case if a proper certificate of merit affidavit is not filed prior to the commencement of discovery and within sixty days of the defendant's answer. *See* Iowa Code § 147.140(1)(a), (6). The difficulty is we are not resolving a motion for summary judgment but rather a motion to dismiss before all the issues can be more clearly defined.[6] Moreover, we decline to attempt to "narrow the issues" or "pierce" the allegations in the petition to prejudge whether Struck has any remaining negligence claim not requiring expert testimony to establish a prima facie case. To effectuate justice and give the pleader the advantage of all reasonable intendments, we conclude the order dismissing all claims against

---

[5] A complete review of our appellate decisions does not aid in the resolution of whether an expert is required here because Struck's petition provides insufficient details regarding Struck's fall to determine if an expert is required.

[6] Accordingly, our ruling is limited to facts alleged in the petition; additional facts will come to light in later proceedings.

Mercy was in error and Struck's claim or claims of negligence of premises liability and negligence of non-professional staff against Mercy remain viable.

If the district court determines after remand, and after the facts supporting the surviving claims are fleshed out, that a claim requires expert testimony, then the court should dismiss it as Struck did not challenge on appeal the district court's conclusion that she failed to timely file a certificate of merit.[7] Struck concedes, and we affirm, the dismissal of all claims against all the remaining defendants. We also affirm the dismissal of any claims against Mercy relating to the negligent hiring, retention, or supervision of professional staff as such claims would require expert testimony. Accordingly, we affirm in part but reverse the dismissal of any claim or claims of ordinary negligence against Mercy.[8]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[7] There is a distinction between the use of expert testimony and whether expert testimony is essential to establish a prima facie case. *See Davis v. Montgomery Cnty. Mem'l Hosp.*, No. 05-0865, 2006 WL 1896217, at *3–4 (Iowa Ct. App. July 12, 2006) (citing *Landes v. Women's Christian Ass'n*, 504 N.W.2d 139, 142 (Iowa Ct. App. 1993)).

[8] Struck's counsel advised during oral arguments her claim includes premises liability and negligent hiring, retention, and supervision of non-professional staff.