**IN THE COURT OF APPEALS OF IOWA**

No. 22-0101
Filed August 17, 2022


**ESTATE OF ROBERTA ANN BUTTERFIELD by BRADLEY DEAN BUTTERFIELD and DEANNE MARIE ROGERS, Co-Administrators,**
    Plaintiffs-Appellants,

**vs.**

**CHAUTAUQUA GUEST HOME, INC., d/b/a CHAUTAUQUA GUEST HOME #3 and CHAUTAUQUA GUEST HOMES,**
    Defendants-Appellees.
_____


    Appeal from the Iowa District Court for Floyd County, Colleen D. Weiland, Judge.


    An estate appeals the district court's dismissal of its claims against a skilled nursing facility for failure to provide a certificate of merit affidavit pursuant to Iowa Code section 147.140 (2020).  **AFFIRMED.**


    Jeffrey A. Pitman of Pitman, Kalkhoff, Sicula & Dentice, S.C., Milwaukee, Wisconsin, and John T. Hemminger of Law Offices of John T. Hemminger, Des Moines, for appellant.

    Joseph D. Thornton of Smith Peterson Law Firm, LLP, Council Bluffs, for appellee.


    Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

The Estate of Roberta Ann Butterfield appeals the district court's dismissal of its claims against Chautauqua Guest Home, Inc. for failure to provide a certificate of merit affidavit pursuant to Iowa Code section 147.140 (2020). The Estate contends it was not required to submit an affidavit under the statute, and if such an affidavit was required, then (1) the parties impliedly contracted out of the requirement, (2) Chautauqua waived the requirement, (3) the Estate substantially complied with the requirement, and/or (4) Chautauqua should be estopped from dismissal. Finding an affidavit was required and none of these arguments remedy the Estate's shortcoming, we affirm the dismissal.

## I. *Background Facts and Proceedings.*

Roberta Ann Butterfield was a resident of Chautauqua, a skilled nursing facility, from October 2017 through May 2019. On or about May 19, 2018, Chautauqua staff heard a "pop" while transferring Butterfield from the bathroom into her wheelchair. Butterfield promptly complained of left leg pain. Chautauqua transferred Butterfield to a hospital six days later. She was diagnosed with a subtrochanteric intertrochanteric left hip fracture and underwent surgical intervention on May 27. Butterfield was readmitted to Chautauqua on June 1.

Butterfield spent significant time in bed after her return to Chautauqua. By January 10, 2019, she developed an ischial pressure injury in the form of a fluid-filled blister on her left buttocks area. This pressure injury grew over time and became infected. By April 3, the pressure injury advanced to stage four with bone visualization and required surgical intervention. Butterfield died on May 18.

In April 2020, the Estate filed an action against Chautauqua for personal injury, wrongful death, and loss of consortium. The petition alleged Chautuaqua was negligent in the care and treatment provided to Butterfield, which resulted in her injuries and death. Chautauqua answered on May 21. On June 15, the parties agreed to a trial scheduling and discovery plan, which the district court approved. Over the next year, the parties exchanged initial disclosures, interrogatories, requests for production, and reports of expert witnesses.

On July 16, 2021, Chautauqua moved to dismiss based on the Estate's failure to timely file a certificate of merit affidavit pursuant to Iowa Code section 147.140. After briefing and an unreported hearing, the district court granted Chautauqua's motion and dismissed the case with prejudice. The court also denied the Estate's motion to reconsider, amend, and enlarge the dismissal order. The Estate filed a timely appeal.

## II. Review.

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022) (quoting *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020)). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* (citation omitted). "[W]e will affirm a dismissal only if the petition shows no right of recovery under any state of facts." *Id.* (alteration in original) (citation omitted). "We construe the petition in 'its most favorable light, resolving all doubts and ambiguities in [the plaintiff's] favor.'" *Id.* (alteration in original) (citation omitted).

We likewise review rulings involving statutory interpretation for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

### III. Discussion.

"[Iowa Code section 147.140] was enacted to enable early dismissal of meritless malpractice actions that require expert testimony to proceed." *Struck*, 973 N.W.2d at 536. "This statute provides that the plaintiff in a medical malpractice action requiring expert testimony must file a certificate of merit signed by a qualified expert within sixty days of the defendant's answer." *Id.* at 538 (citing Iowa Code § 147.140(1)). "Failure to substantially comply with [the certificate of merit requirement] shall result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* at 538–39 (quoting Iowa Code § 147.140(6)). The Estate never filed a certificate of merit affidavit in this case, nor did it request an extension of the deadline for good cause as allowed under Iowa Code section 147.140(4).

#### A. Application of Iowa Code section 147.140.

The Estate contends that no certificate of merit affidavit was required because expert testimony is not necessary to establish the standard of care owed to Butterfield. It is true that claims for negligence arising from nonmedical, administrative, ministerial, or routine patient care do not require expert testimony to establish a standard of care. *See Kastler v. Iowa Methodist Hosp.*, 193 N.W.2d 98, 102 (Iowa 1971) (finding "the standard is such reasonable care for patients as their known mental and physical condition may require"). Our precedent supports the Estate's contention that the care at issue was likely ministerial or routine in nature. *See Thompson v. Embassy Rehab. & Care Ctr.*, 604 N.W.2d 643, 646

(Iowa 2000) (finding the responsibility to reposition a patient to avoid bedsores appeared to be ministerial but the patient's resistance to such care presented special circumstances requiring expert testimony); *Landes v. Women's Christian Ass'n*, 504 N.W.2d 139, 141 (Iowa Ct. App.1993) (finding that taking a patient to the bathroom was nonmedical or routine care).

Even so, we agree with the district court's finding that the Estate failed to establish a prima facie case because causation required expert testimony. While section 147.140 does not require the certificate of merit affidavit to attest specifically to causation, the requirement for an affidavit is triggered by "a cause of action for which expert testimony is necessary to establish a prima facie case." Iowa Code § 147.140. "[A] causal relationship between the violation [of the applicable standard of care] and injury sustained" is a necessary element to establish a prima facie case of medical negligence. *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 401 (Iowa 2017). We do not believe that understanding the causation behind a subtrochanteric intertrochanteric hip fracture, an ischial pressure injury, or the death of a woman with a myriad of underlying health conditions is within the common knowledge of a non-medically trained person. Therefore, expert witness testimony was needed with respect to the element of causation, which triggers the statutory requirement for a certificate of merit affidavit. *See Schmitt v. Floyd Valley Healthcare*, No. 20-0985, 2021 WL 3077022, at *2 (Iowa Ct. App. July 21, 2021) (finding a claim that arguably fell in the category of nonmedical or routine care still required a certificate of merit affidavit because expert testimony was necessary on causation).

Nor does this action present a case of res ipsa loquitur. The doctrine of res ipsa loquitur permits an inference of negligence when, among other conditions, "the occurrence, in the ordinary course of things, would not have happened if reasonable care had been used." *Miller v. Trimark Physicians Grp., Inc.*, No. 03-0055, 2003 WL 22346933, at *3 (Iowa Ct. App. Oct. 15, 2003) (citing *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 831 (Iowa 2000)). Proving this condition required an expert. Because a prima facie case could not be established without an expert, we find Iowa Code section 147.140 required a certificate of merit affidavit in this instance.

### B. Implied contract.

The Estate asserts the district court erred in concluding that the parties could not contract out of the requirement for a certificate of merit affidavit. It contends the parties impliedly agreed that no affidavit was necessary in this case by way of their course of dealings and the discovery plan. However, engagement in discovery while the certificate of merit affidavit remains absent from the parties' discovery plan does not constitute a definite offer to refrain from filing a motion to dismiss on this ground. Even supposing a contract was formed, there is not authority for the court to ignore its obligation to dismiss the case once the appropriate motion is filed. The statute is clear: "Failure to substantially comply with subsection 1 [the filing of the certificate of merit affidavit] *shall* result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." Iowa Code § 147.140(6) (emphasis added). We find the parties did not and could not contract out of this mandatory result.

*C. Waiver.*

The Estate argues Chautauqua waived the statutory requirement for a certificate of merit affidavit. Similar to the foregoing contractual analysis, we do not find the requisite intent to waive the certificate of merit affidavit. The statute sets forth a mandatory course of action with no expiration or other timeline. We have previously found that agreeing to an extension involving discovery requests does not "constructively waive" the requirement for a timely certificate of merit affidavit. *See McHugh v. Smith*, No. 20-0724, 2021 WL 1016596, at *5 (Iowa Ct. App. Mar. 17, 2021). Accordingly, we find Chautauqua did not waive the requirement.

*D. Substantial compliance.*

The Estate maintains it substantially complied with the statutory requirements for a certificate of merit affidavit. "Substantial compliance means 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.'" *Id.* at *3 (quoting *Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993)). We are sympathetic to the plaintiff's position that subsequent discovery filings may have supported a meritorious claim. However, we have previously held that failure to provide such evidence within the tight timeline set forth in section 147.140 will not constitute substantial compliance. *See id.* at *3, *5 (finding the plaintiff's substantial compliance argument failed even though discovery filed after the affidavit deadline "may have established that [the plaintiff's] claim was not frivolous had she timely submitted it"). The Estate contends we should look to its filings throughout the course of the judicial process, but the initial disclosures were the only substantive filing made within the sixty-day

window allowed by the statute. These disclosures did not fulfill the requirement for a signed affidavit from a qualified expert that was expected under section 147.140. Because "the timing of the certificate of merit affidavit is material," we find the subsequent filings do not constitute substantial compliance with the statute. *See id.* at *5.

### E. Estoppel.

The Estate claims the doctrine of promissory estoppel should have precluded granting Chautauqua's motion to dismiss. Promissory estoppel requires:

> (1) a clear and definite promise; (2) the promise was made with the promisor's clear understanding that the promisee was seeking an assurance upon which the promisee could rely and without which he would not act; (3) the promisee acted to his substantial detriment in reasonable reliance on the promise; and (4) injustice can be avoided only by enforcement of the promise.

*Kunde v. Est. of Bowman*, 920 N.W.2d 803, 810 (Iowa 2018) (citation omitted). The Estate alleges the parties' discovery plan constituted a clear and definite promise. Consistent with our foregoing analysis, we are unconvinced that simply agreeing to the parties' discovery plan without reference to a certificate of merit affidavit comprises a clear or definite promise. Therefore, we find Chautauqua should not be estopped from dismissal.

### IV. Disposition.

We conclude that a certificate of merit affidavit was required in this case and failure to supply one was not relieved by the actions of either party. For these

reasons, we affirm the district court order dismissing the Estate's entire petition with prejudice.

**AFFIRMED.**